JULIUS G. BLAKELY v. LOUISE H. BLAKELY.

(Filed 31 October, 1923.)

**1. Divorce—Marriage—Condonation.**

*Held,* in a suit for divorce *a vinculo,* condonation of the wife's adulterous act is the forgiveness of the offense on condition that she will abstain from like offense thereafter, and upon the condition violated, the original offense is revived.

**2. Same—Pleadings—Evidence—Burden of Proof—Defenses—Actions.**

Where the wife relies upon the condonation of her adulterous conduct in defense to the husband's suit for a divorce *a vinculo,* it is not required that the husband negative the defense of condonation in his complaint, but it is for the wife to allege and prove it, as an affirmative defense.

APPEAL by plaintiff from *Cranmer, J.,* at June Term, 1923, of WAKE.

Civil action for divorce absolute. On issues submitted, the jury rendered the following verdict:

"1. Has plaintiff been a resident of the State of North Carolina for two years next preceding the commencement of this action, as alleged? Answer: 'Yes.'

"2. Were plaintiff and defendant married to each other, as alleged? Answer: 'Yes.'

"3. Did the defendant commit adultery, as alleged in the complaint? Answer: 'No.'"

Judgment on verdict for defendant, and plaintiff excepted and appealed.

*Finlator & Eastman, S. W. Eason and Douglass & Douglass for plaintiff.*

*Chas. U. Harris for defendant.*

HOKE, J. On the trial, plaintiff offered evidence tending to show the alleged adultery of the wife in the year 1921. On objection the evidence was excluded, the court stating that he would not permit any evidence of adultery prior to March, 1922, the date of final separation of the parties, for the reason that plaintiff had not negatived condonation in his complaint, and in our opinion the exception of plaintiff to this ruling must be sustained. Condonation is properly understood to be the forgiveness of an offense on condition that the party will abstain from like offenses thereafter, and if the condition is violated the original offense is revived. *Lassiter v. Lassiter,* 92 N. C., 129. It is very generally regarded as a specific affirmative defense to be alleged and proved by the party insisting upon it and is not required to be negatived by the opposing pleader. *White v. White,* 171 Va., 244; *Odom v. Odom,* 36

Ga., 386; 9 R. C. L., 386. And decision of our own Court, in *Kinney v. Kinney,* 149 N. C., 321; *Steel v. Steel,* 104 N. C., 631-638, and other cases, are in full approval of the general principle. Even when set forth in the pleadings as required, not being in the nature of a counterclause, the allegations would be taken as denied by the plaintiff. C. S., sec. 543.

There is error and plaintiff is entitled to a new trial of the cause.

Reversed.