MARY ELLEN WILLIAMS v. JESSE THOMAS WILLIAMS.

(Filed 28 September, 1949.)

**Divorce and Alimony § 12—**

> In a wife's action for alimony without divorce in which defendant's answer sets up the defense of adultery, it is error for the court to order temporary alimony to plaintiff without finding the facts with respect to the plea of adultery. G.S. 50-16.

APPEAL by defendant, Jesse Thomas Williams, from *Shuford, Special Judge,* at February Term, 1949, of BUNCOMBE.

The plaintiff, Mary Ellen Williams, sued her husband, the defendant, for alimony without divorce under G.S. 50-16. Her complaint stated with particularity a good cause of action under the statute for subsistence and counsel fees. The defendant answered, denying all of the essential allegations of the complaint except the fact of marriage and pleading adultery on the part of plaintiff in bar of her claim to alimony.

The plaintiff made application for an allowance of counsel fees and temporary alimony from the earnings of defendant pending the trial and final determination of the issues involved in the action. When the application came on for hearing before Judge Shuford, the plaintiff and the defendant offered conflicting testimony by affidavits and witnesses with respect to the plea that the plaintiff had been guilty of adultery. Judge Shuford entered an order awarding plaintiff counsel fees and alimony pending the action without finding the facts upon this plea, and the defendant excepted to the order and appealed, assigning errors.

*H. Kenneth Lee for plaintiff, appellee.*
*Don C. Young for defendant, appellant.*

ERVIN, J. The defendant expressly pleaded the adultery of the plaintiff in bar of her claim to alimony and offered testimony in support of his plea. In consequence, the order of the court awarding temporary alimony to the plaintiff without finding the facts with respect to this plea ignores the provision of the statute regulating independent suits for alimony without divorce, which was adopted in 1923 and which reads as follows: "In all applications for alimony under this section it shall be competent for the husband to plead the adultery of the wife in bar of her right to such alimony, and if the wife shall deny such plea, and the issue be found against her by the judge, he shall make no order allowing her any sum whatever as alimony, or for her support, but only her reasonable counsel fees." G.S. 50-16. The action of the court in awarding temporary alimony to plaintiff without making any determination as to the

MacClure *v.* Insurance Co.

validity of the defendant's plea constitutes error entitling defendant to a rehearing upon the application. *Phillips v. Phillips,* 223 N.C. 276, 25 S.E. 2d 848; *Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436; *Price v. Price,* 188 N.C. 640, 125 S.E. 264.

Error.