EDITH HARRELL OLLIS v. LAWRENCE LAMEN OLLIS.

(Filed 23 March, 1955.)

**1. Divorce and Alimony § 5d—**

In an action for alimony without divorce, allegations that the husband had been abusive and violent toward plaintiff and she had been made to fear for her safety, are insufficient, it being necessary that plaintiff allege specific acts of misconduct on the part of the husband so that the court may determine whether his conduct was in fact such as constituted cause for divorce from bed and board, and also specify what, if anything, she did or said at the time, in order that the court may determine whether she provoked the difficulty. G.S. 50-16.

**2. Same—**

Allegations that during the 12 months preceding the institution of the action defendant had repeatedly told plaintiff to leave the home in which they were living, are insufficient to allege a cause of action that defendant maliciously turned plaintiff out of doors as a basis for an action for alimony without divorce under G.S. 50-16.

**3. Same—**

Allegations that the defendant spent money lavishly on other women, without allegation as to who they were or what was their relationship to defendant, if any, and without allegation of misconduct on the part of defendant, is insufficient to state a cause of action for divorce as a basis for alimony without divorce under G.S. 50-16.

**4. Same—**

Allegations that defendant failed to provide adequate support for the plaintiff and the child of the marriage, without allegations of specific acts and conduct on his part sufficient to justify her leaving him as she admitted she had done, and without allegation of the amount of support defendant provided or what other means he had or what she deemed "adequate support," are insufficient to allege that he separated himself from her and the child without providing them adequate support according to his means and condition in life, as a basis for alimony without divorce.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

OLLIS *v.* OLLIS.

APPEAL by defendant from *Parker, J.,* at Chambers, 11 September, 1954, VANCE.

This is a civil action for alimony without divorce and for counsel fees brought by the plaintiff under G.S. 50-16. The plaintiff alleges in substance:

(1) The parties are residents of North Carolina.

(2) The parties were married on 7 September, 1935; one child, Dixie Ann Ollis, now 17, was born of the marriage.

(3) The plaintiff at all times since the marriage has been a faithful and dutiful wife.

(4) The defendant has become abusive and violent to the plaintiff to the extent he life has become intolerable and she is unable to live with him; that he has been made to fear for her bodily safety to the extent it has become necessary for her to live separate and apart from the defendant.

(5) The plaintiff has frequently remonstrated with the defendant about his violent and abusive attitude toward her, but without effect on him.

(6) The defendant, during the preceding 12 months has repeatedly told plaintiff to leave the home in which they were living, which he had no right to do; the defendant began spending a great deal of time away from home and on one occasion was gone for 11 days without informing the plaintiff and his child of his whereabouts, which caused them great anxiety.

(7) The plaintiff is advised and believes the defendant spends money lavishly on other women and is now supporting a woman other than this plaintiff.

(8) The defendant has failed to provide adequate support for plaintiff and Dixie Ann.

(9) The plaintiff on 13 March, 1954, because of abuse and other indignities, left the home and returned to her home in Florence, South Carolina, where she left Dixie Ann and returned to North Carolina in order to bring this action.

(10) The defendant is able-bodied and capable of earning money. He operates a store and filling station and he has sufficient income to support plaintiff and Dixie Ann.

(11) The plaintiff is without means of support and without money to employ counsel.

The defendant filed a demurrer upon the ground, (1) the complaint fails to state a cause of action; (2) the plaintiff fails to set forth in detail and minuteness the circumstances of the alleged acts of cruelty on the part of the defendant and that the acts charged are set forth in general terms and do not state facts specifically and with particularity; (3) the

plaintiff has failed to aver that the alleged acts of cruelty on the part of defendant were without adequate provocation on her part and to state what her conduct was at the time of the alleged acts; (4) that the plaintiff does not aver that her conduct did not contribute to the wrongs and abuses of which she complains.

From an order of the Superior Court Judge overruling the demurrer, the defendant appealed.

*No counsel, contra.*
*John Kerr, Jr., for defendant, appellant.*

HIGGINS, J. In *Best v. Best,* 228 N.C. 9, 44 S.E. 2d 214, *Justice Winborne* sets out the allegations necessary in an action under G.S. 50-16, as follows: "When a wife bases her action for alimony without divorce upon the ground that her husband has been guilty of cruel treatment of her and of offering indignities to her person within the meaning of the statute pertaining to divorce from bed and board, G.S. 50-7 (3) and (4), she 'must meet the requisite' of this statute, *Pollard v. Pollard,* 221 N.C. 46, 19 S.E. 2d 1, and not only set out with particularity the acts on the part of her husband and upon which she relies, but she is also required to allege, and consequently to prove, that such acts were without adequate provocation on her part."

In the case of *Howell v. Howell,* 223 N.C. 62, 65 S.E. 2d 169, *Justice Denny* states the following as the rule: "In an action for alimony without divorce (C.S. 1667, now G.S. 50-16), as in an action for divorce *a mensa et thoro* by the wife, she must not only set out with some particularity the acts of cruelty upon the part of the husband, but she must aver, and consequently offer proof, that such acts were without adequate provocation upon her part. . . . The omission of such allegation is fatal."

It is not enough for the wife to allege the husband has been abusive and violent toward her, that she has been made to fear for her safety. She must go further and allege specific acts and conduct on the part of the husband so that the court may see that his conduct was in fact such as constituted a cause for divorce from bed and board. Not only must the wife specify the acts and conduct of the husband, but also she must set forth what, if anything she did to start or feed the fire of discord so that the court may determine whether she provoked the difficulty.

The plaintiff alleges "that the said defendant during the preceding 12 months has repeatedly told the plaintiff to leave the home in which they were both living." There is no allegation the plaintiff left or that the husband's statement amounted to more than a request that she do so. The complaint is likewise silent as to what the plaintiff did or said at the times the husband told her to leave. To be ground for divorce *a mensa*

*et thoro,* and consequently basis for the plaintiff's action under G.S. 50-16, the plaintiff must show that the defendant "maliciously turned her out of doors."

The plaintiff, on information and belief, charges also the defendant spent money lavishly on other women. She does not allege who they were, what their relationship, if any, to the defendant was, nor does she suggest any misconduct on the part of the defendant.

The plaintiff alleges defendant failed to provide adequate support for her and Dixie Ann. If treated as a second cause of action (*Oldham v. Oldham,* 225 N.C. 476, 35 S.E. 2d 332), the complaint fails to state a cause of action. She admits in her complaint that she left the defendant. She does not allege specific acts and conduct on his part sufficient to justify her leaving. She does not allege the amount of support the defendant provided or what means he had, or what she deemed "adequate support." The statute provides: *"If any husband shall separate himself from his wife* and shall fail to provide her and the children of the marriage *with the necessary subsistence according to his means and condition in life,"* she may maintain an action for alimony without divorce. (Emphasis added.)

The complaint in this action is deficient in that it fails to allege any ground for divorce, either absolute or from bed and board. It also fails to allege the husband has separated himself from his wife and failed to provide her and the child of the marriage with the necessary subsistence according to his means and condition in life. *Brooks v. Brooks,* 226 N.C. 280, 37 S.E. 2d 909; *Carnes v. Carnes,* 204 N.C. 636, 169 S.E. 222; *Dowdy v. Dowdy,* 154 N.C. 556, 70 S.E. 917; *Jackson v. Jackson,* 105 N.C. 433, 11 S.E. 173; *White v. White,* 84 N.C. 340.

The demurrer should have been sustained. The order for alimony and counsel fees is vacated.

Reversed.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.