JUDITH BAUMANN CUSHING v. CHARLES CROWE CUSHING.

(Filed 16 December 1964.)

**1. Process § 7—**

A husband coming into this State to visit his child pursuant to a decree entered in the state of his residence is not immune to service of process in the wife's action for alimony without divorce instituted in `this State, neither G.S. 8-68 nor G.S. 15-79 being applicable.

**2. Same—**

The fact that the wife has process served on her husband while he is at her home pursuant to a decree of another state authorizing him to have the custody of the child of the marriage for a specified time provided he return the child to the wife's home in this State by a specified hour on a particular date, is not fraud and will not warrant the court in setting aside the service on motion, since the husband was not induced to come into this State by any false representation or fraudulent promise.

**3. Abatement and Revival § 3—**

In order to be a proper basis for abatement, a prior action must be pending in a court of competent jurisdiction in this State, and when it appears that the prior action was pending in another state and also that it was

pending in an inferior court without jurisdiction of the action, the court properly refuses defendant's plea in abatement on both grounds.

**4. Divorce and Alimony § 3—**

Cruelty and indignities, like other matrimonial offenses, may be condoned, and while violation of the conditions of condonation revive the original offenses, the acts constituting and surrounding the breach of the conditions of forgiveness must be alleged with the same particularity required in stating the original matrimonial offenses.

**5. Same—**

While condonation is an affirmative offense and ordinarily must be alleged and proved by defendant, it is ground for demurrer when the complaint itself alleges cohabitation subsequent to the indignities relied on as the basis of the cause of action.

**6. Divorce and Alimony § 16—**

The complaint in an action for alimony without divorce on the ground that defendant offered such indignities to the person of plaintiff as to render her condition intolerable and her life burdensome, is demurrable when it appears upon the face of the complaint that plaintiff resumed cohabitation after a prior separation occasioned by the misconduct of defendant and fails to allege with sufficient particularity either the acts constituting the breach of condition of condonation or the acts of the husband occurring thereafter constituting the basis of a cause of action.

**7. Divorce and Alimony § 22—**

The court has jurisdiction to enter orders relating to the support and custody of the children of the marriage in an action for alimony without divorce under G.S. 50-16, notwithstanding the complaint as to the cause of action for such alimony is demurrable.

APPEAL by defendant from *Martin, S. J.,* March 26, 1964 Civil "A" Session of BUNCOMBE.

On November 1, 1963, under the provisions of G.S. 50-16 and G.S. 7-279 (6), plaintiff instituted this action in the General County Court of Buncombe County against her husband, a resident of South Carolina. She asked for alimony and for custody and support of the minor child of the marriage. Defendant was personally served with summons in North Carolina on November 2, 1963. The chronology of pertinent events, before and after the institution of this action, follows:

Plaintiff and defendant were married on September 5, 1959. One child, a girl, was born to them on November 1, 1962. About the middle of March 1963, the parties moved their residence to Columbia, South Carolina. A few days afterwards plaintiff left defendant and went to Asheville to her parents, with whom the child had been staying while the parties were moving to Columbia. After a separation of two weeks, plaintiff, of her own accord, returned to defendant with the child. The

parties lived together until April 12, 1963, when they came to an "agreement that the marriage wasn't working." On that day, plaintiff and the child returned to Asheville, where they have since lived.

On October 14, 1963, plaintiff filed a petition in the County Court of Richland County, South Carolina, in which petition she alleged that she was a resident of North Carolina; that she was living separate and apart from defendant, her husband, at his insistence; that he was inadequately supporting her and their child. She prayed the court to require defendant to support them. Upon defendant's motion, the judge of the Richland County Court transferred the cause to the Juvenile-Domestic Relations Court of Lexington County, South Carolina. To plaintiff's petition defendant thereafter filed an answer, in which he alleged that plaintiff had deserted him without cause, but that, notwithstanding, he had been adequately providing for the child. On October 21, 1963, plaintiff and her attorney, together with defendant and his attorney, appeared before the judge of the Juvenile-Domestic Relations Court of Lexington County pursuant to a "rule to show cause and order," and the judge held a hearing. On November 1, 1963, the judge entered an order adjudging that plaintiff was entitled to support for herself and the minor child *pendente lite* and directing that defendant pay the sum of $150.00 monthly for that purpose until further order. He ordered, in addition, that defendant was "to have reasonable rights of visitation with his minor child" and specifically directed that on November 2, 1963, defendant should be allowed to take the child from the home of plaintiff between noon and 5:00 p.m.

On November 1, 1963, the same day the South Carolina order was entered, plaintiff instituted this action in the Buncombe General County Court. On November 2, 1963, in accordance with the South Carolina order, defendant came to Asheville to visit the child. When he returned the child to plaintiff at her father's house at 5:00 p.m., the sheriff "appeared from the place in which he had theretofore been concealing himself" and proceeded to serve him with summons, notice of motion, and complaint in this action. The complaint alleged, *inter alia,* that defendant had treated plaintiff "with disdain" and refused to talk to her; that he carried on a flirtation with and was unusually attentive to another woman; that he told plaintiff he no longer loved her; and that early in March 1963, defendant suggested to a common friend that he commit adultery with plaintiff so defendant could get a divorce immediately and thus solve his problems. Thereafter, defendant entered a special appearance and moved to quash the service upon him for that he was "exempt from service of the summons." This motion was denied on November 22, 1963. Defendant excepted and filed "answer and

plea in abatement." In the answer he denied that plaintiff had a cause of action against him as alleged in her complaint. He alleged, on the contrary, that plaintiff had abandoned him without reason because she preferred the home of her parents, "persons of wealth and means," to his more modest home and income. As a plea in abatement he set up the action pending in the Juvenile-Domestic Relations Court of Lexington County, South Carolina. On December 2nd, defendant filed an "amended motion on special appearance to set aside the return of summons" upon the ground that service had been obtained in a "fraudulent, deceitful, and deceptive manner."

On November 5, 1963, defendant's attorney advised the Juvenile-Domestic Relations Court of Lexington County by letter that defendant had been served with process on November 2nd in North Carolina. Plaintiff's counsel advised the South Carolina court, also by letter, that plaintiff would contest the jurisdiction of that court. Nevertheless, the Juvenile-Domestic Relations Court set the case down for hearing on the merits on November 13, 1963. At the appointed time, defendant and his attorney appeared, but plaintiff and her attorney did not. "Upon consideration of the record" the court directed defendant to pay $150.00 monthly *for the support of his minor child* until the further order of the court. The South Carolina order contains this further provision: "All questions as to custody status and the status of the marriage relationship are reserved until such time as the petitioner appears in this court."

On December 12, 1963, this cause came on to be heard before Honorable Burgin Pennell, judge of the Buncombe General County Court, upon plaintiff's motion for alimony *pendente lite,* custody, and support of the minor child. Judge Pennell, after hearing the testimony of the parties and of plaintiff's father, on December 19th entered an order in which he found that defendant had, as alleged and set forth in the complaint, offered such indignities to plaintiff as to render her life intolerable, all without any adequate provocation on her part; that plaintiff is the proper person to have the control and custody of the minor child. He awarded plaintiff, during the pendency of this action, exclusive custody and control of the child and ordered defendant to pay into the office of the Clerk of the Superior Court the sum of $42.50 a week for plaintiff's support and $17.50 a week for the support of the child. Defendant appealed to the Superior Court, assigning as error the failure of the judge to vacate the service of process and to sustain his plea in abatement, and the entry of judgment against him. The appeal was heard in the Superior Court on March 26, 1964, by Martin, S. J., who entered an order affirming the County Court in all respects and re-

manding the case to it for further proceedings. From this order defendant appeals here. In this Court defendant demurred *ore tenus* to the complaint for that plaintiff has failed to set out with particularity defendant's acts of cruelty and indignities upon which she bases her action and, further, for that she has not alleged such circumstances leading up to the acts complained of as to negative adequate provocation upon her part.

*Lee & Allen for plaintiff..*
*Sanford W. Brown for defendant.*

SHARP, J. The questions raised by this appeal are: (1) Was the service of summons and notice had upon defendant in North Carolina invalid? (2) Did the pendency of the South Carolina action between these parties for the same cause abate this action? (3) Should the demurrer *ore tenus* be sustained? These questions will be discussed and answered *seriatim*.

(1) Defendant was not immune from service of process when he came into North Carolina to see his child. He did not come into the State as a witness in obedience to a summons, G.S. 8-68; nor had he been brought into the State by extradition based on a criminal charge of nonsupport, G.S. 15-79.

With reference to service of process obtained by trickery or artifice, the rule is that if a person is induced by fraud to come within the jurisdiction of a court for the purpose of obtaining service of process on him, the service will be set aside upon timely motion. *Electric Co. v. Light Plant,* 185 N.C. 534, 118 S.E. 3; *accord., Wyman v. Newhouse,* 93 F. 2d 313 (2d Cir.), 115 A.L.R. 460, *cert. den.* 303 U.S. 664, 82 L. Ed. 1122, 58 S. Ct. 831; 14 Am. Jur., *Courts* § 185 (1938) ; 23 Am. Jur., *Fraud and Deceit* § 98 (1939) ; 42 Am. Jur., *Process* § 35 (1942).

It is patent that, in order to have him served with summons in this action, plaintiff took advantage of the South Carolina visitation order, which attracted defendant into North Carolina, but the record is untainted with evidence that she decoyed him into the State by any false representation or fraudulent promise. So far as the evidence reveals, she made *no* representation to him, either express or implied. The Juvenile-Domestic Relations Court — presumably at defendant's insistence — ordered plaintiff to permit him to take the child from her home from noon until 5:00 p.m. on November 2, 1963. She complied with the order of the court — and arranged to have the sheriff waiting. The service of a writ, otherwise lawful, does not become unlawful because the desire to effect service was the sole motive for lawful acts tending to

create the opportunity. *Jaster v. Currie,* 198 U.S. 144, 49 L. Ed. 988, 25 S. Ct. 614; 42 Am. Jur., *Process* § 36 (1942). The first question is answered in the negative.

If the manner in which plaintiff secured service upon defendant in this case seems unsporting, perhaps it will appear less so when we note that the Juvenile-Domestic Relations Court of Lexington County had no jurisdiction to award plaintiff either alimony or support for the child. Its judgment was unenforceable. Therefore, in instituting this action in a court of competent jurisdiction, she was not forum-shopping.

(2)   The South Carolina court involved is an inferior court of very limited jurisdiction. On March 12, 1963, the Supreme Court of South Carolina in *McCullough v. McCullough,* 242 S.C. 108, 130 S.E. 2d 77, held that the Juvenile and Domestic Relations Court of Lexington County was without jurisdiction in an action instituted by a wife against her husband, on the grounds of desertion, for support for herself and two minor children. The court raised the question of jurisdiction *ex mero motu* when the husband appealed from an order changing the amount of support which he had initially been directed to pay. The court said:

> We have searched the statute which creates and empowers this court and fail to find anything therein which would vest jurisdiction of the subject matter of this action in that court. The only section of the statute which even mentions "support proceedings" is Section 15-1311.8. . . .

CODE OF S. C. (1962) § 15-1311.8 has to do with adoption proceedings and proceedings under the Uniform Reciprocal Enforcement of Support Act.

Furthermore, at no time since April 12, 1963, has the minor child of the parties been in the State of South Carolina. "Any action as it relates to the custody of a child is in the nature of an *in rem* proceeding, and the child must be present in the State and within the jurisdiction of a court of competent jurisdiction before such court may render a valid decree awarding its custody." Denny, J. (now C. J.), in *Richter v. Harmon,* 243 N.C. 373, 377, 90 S.E. 2d 744, 747; *accord, Hoskins v. Currin,* 242 N.C. 432, 88 S.E. 2d 228; *Coble v. Coble,* 229 N.C. 81, 47 S.E. 2d 798.

Where another action pending between the same parties for the same cause is made the basis of a plea in abatement, the former action must be pending (a) *in a court of competent jurisdiction* and (b) *within this State,* in order to bar the second action. *McDowell v. Blythe Brothers Co.,* 236 N.C. 396, 72 S.E. 2d 860; 1 McINTOSH, NORTH CAROLINA

PRACTICE AND PROCEDURE, § 1236(4) (1956 ed.). There are two reasons, therefore, why defendant's plea in abatement cannot be sustained. The second question is likewise answered in the negative.

(3)   The allegations of the complaint are insufficient to support any award of alimony to plaintiff, and the demurrer *ore tenus* must be sustained with respect thereto. Plaintiff has based her action for alimony without divorce upon the indignities section of G.S. 50-7, which G.S. 50-16 incorporates. She is required, therefore, not only to set out with particularity those of her husband's acts which she contends constituted such indignities as to render her condition intolerable and her life burdensome but also to show that those acts were without adequate provocation on her part. *Ollis v. Ollis,* 241 N.C. 709, 86 S.E. 2d 420; *Pollard v. Pollard,* 221 N.C. 46, 19 S.E. 2d 1; 2 LEE, NORTH CAROLINA FAMILY LAW § 141 (3d ed., 1963). Whether the benefits the courts derive from this exacting rule exceed the burdens it imposes upon both court and pleader is debatable. Too often it so distends pleadings that they strain both patience and belief, yet it is a rule so very old that the years have barnacled it in numberless cases upon our practice. *White v. White,* 84 N.C. 340; *Harrison v. Harrison,* 29 N.C. 484.

Although Pennell, J., was *arguendo,* correct in holding plaintiff to have alleged sufficiently a cause of action based on indignities committed by defendant prior to March 15, 1963, *Coble v. Coble,* 55 N.C. 392, 395, yet the complaint avers that after a separation of two weeks, plaintiff returned to defendant and lived with him until April 12, 1963. Cruelty and indignities, like other matrimonial offenses, may be condoned. *Gordan v. Gordon,* 88 N.C. 45; *accord., Lady D'Aguilar v. Baron D'Aguilar,* 1 Hagg. Ecc. 773, 162 Eng. Rep. 748 (Ecc. Adm. P. & D. 1794); 1 Lee, *op. cit. supra* §§ 82, 87. Nothing else appearing, the resumption of marital relations after a separation imports a condonation of previous offenses. Annot., Condonation of cruel treatment as defense to action for divorce or separation, 32 A.L.R. 2d 107, 133 (1959). Condonation, of course, is forgiveness upon condition; and, if the condition is violated, the original offense is revived. *Gordon v. Gordon, supra; accord., Lady D'Aguilar v. Baron D'Aguilar, supra.* To establish a breach of condition and revival of former offenses after she returned to defendant, plaintiff alleges:

> (A)lmost immediately the same situation as hereinbefore alleged and set forth became evident again and . . . during this period when both the plaintiff and defendant had pledged themselves to attempt a reconciliation, the said defendant treated this plaintiff with cold and disdainful indifference, never according her any love

or affection, and never at any time permitting her to be anything more than a domestic servant in the household. . . .

Since these allegations neither particularize defendant's alleged acts of misconduct nor attempt to describe plaintiff's preceding behavior, they are not enough to revive the old grounds for relief, even though less may be sufficient to destroy condonation than to found an original suit. *Lady D'Aguilar v. Baron D'Aguilar, supra* at 781, 162 Eng. Rep. at 753.

Ordinarily, condonation is an affirmative defense to be alleged and proved by the party relying upon it. *Blakely v. Blakely,* 186 N.C. 351, 119 S.E. 485. Unless allegations of condonation "affirmatively appear from the complaint, the complaint need not allege that complainant has not condoned . . . the misconduct complained of. . . ." 27A C.J.S., *Divorce* § 109 (1959). Where, however, as here, the complaint alleges cohabitation subsequent to the indignities relied upon, it must, in order to survive a demurrer, allege, as well, with the same particularity required in the first instance, the acts constituting and surrounding the breach of forgiveness. The complaint, touching upon plaintiff's claim for alimony, is therefore demurrable for condonation appearing upon its face, revival of the original cause not also sufficiently there appearing. *Brooks v. Brooks,* 226 N.C. 280, 285, 37 S.E. 2d 909, 912.

By specific provisions in the statute, in an action instituted by the wife under G.S. 50-16, the court may enter orders relating to the support and custody of the children of the marriage irrespective of the rights of the wife and husband between themselves in such proceeding. Accordingly, the judgment of the Superior Court, affirming the order of the Buncombe General County Court, is affirmed insofar as it pertains to the support and custody of the minor child of the parties, but is reversed insofar as it awards alimony.

Affirmed in part;

Reversed in part.