ALBERTA SCOGGINS MALLOY v. JOHN HAROLD MALLOY
— AND —
JOHN H. MALLOY v. ALBERTA SCOGGINS MALLOY

No. 7615DC796

(Filed 20 April 1977)

1. **Rules of Civil Procedure §§ 7, 8— responsive pleading not allowed — unpleaded issue allowed at trial**

A party who is not permitted to file a responsive pleading may meet the allegations made against him at trial in any manner that would have been proper had a reply been allowed; therefore, a wife was entitled to present evidence of condonation at trial in response to

her husband's allegations of adultery since she was not permitted to raise that issue by filing further pleadings. G.S. 1A-1, Rules 7(a) and 8(d).

**2. Divorce and Alimony § 4— condonation — sufficiency of evidence**

In an action for absolute divorce and an action for alimony without divorce which were consolidated for trial, evidence of the husband's condonation of the wife's adultery through August 1973 was sufficient to be submitted to the jury where it tended to show that from January 1972 to November 1973 the husband suspected that his wife was committing adultery; the husband and wife had sexual intercourse on at least one occasion during that period; the wife never denied her husband sexual relations; and the last time they had intercourse was in August 1973.

APPEAL by Alberta Scoggins Malloy from *Paschal, Judge.* Judgment entered 3 June 1976, in District Court, ALAMANCE County. Heard in the Court of Appeals 10 March 1977.

The appeal involves two actions consolidated for trial. In the first action, the wife filed for alimony without divorce on the ground that her husband had abandoned her. In his answer the husband asked for dismissal of the complaint on the ground that the wife had committed adultery.

In the second action the husband filed for absolute divorce on the ground of one year's separation. In her amended answer the wife alleged abandonment and requested that the action for divorce be stayed pending the resolution of her suit for alimony. Instead the cases were consolidated for trial with the husband as the plaintiff. Upon this basis and for the purpose of simplicity, hereinafter the husband shall be referred to as the plaintiff and the wife as the defendant.

The evidence for the plaintiff-husband tended to show that he had been a resident of the State for twenty-one years, that he and the defendant were married on 5 October 1946, and that they had lived separate and apart after 23 November 1973. His evidence further tended to show that on 18 January 1972, Johnelle Crump was seen emerging from plaintiff's and defendant's house at a time when neither plaintiff nor his daughters were there; that in July 1972 and on several Saturdays during 1973 the defendant left her home about 7:00 a.m. purportedly to go to the laundromat but instead drove to the house of one Clarence Jones where she and Crump met and stayed until about noon; that on one occasion they were observed hugging and kissing at the door of the Jones' house; that the last time defend-

ant was followed to the Jones' house was 17 November 1973; that plaintiff offered to install a home laundry but defendant did not want one; that in September 1972 and July 1973 plaintiff and defendant had serious arguments; that after the latter argument neither defendant nor their two daughters would speak to plaintiff; that plaintiff and defendant had sexual relations on only one occasion after July 1972, that occurring in early 1973; that defendant moved to another bedroom in their house in July 1973; that in September 1973 defendant threatened to shoot plaintiff; that plaintiff left their house on 23 November 1973 and has not returned.

The evidence for the defendant tended to show that she first met Johnelle Crump at a neighbor's house in May 1974, after she and plaintiff had separated; that she first met Clarence Jones in December 1975, after learning of plaintiff's allegations of adultery; that Clarence Jones or a member of his family was home nearly every Saturday during 1973 and that defendant and Johnelle Crump had never been to that house; that she usually stayed in bed on Saturday mornings and did her laundry on Saturday afternoons; that she and plaintiff did quarrel in September 1972 and July 1973; that he thereafter continually criticized her; that she and defendant last had sexual intercourse in August 1973; that she moved out of their bedroom in August 1973 when he refused to make room for her in the bed.

The trial judge refused to submit to the jury an issue tendered by defendant as to condonation by plaintiff of defendant's alleged adultery. The jury found that plaintiff and defendant had lived separate and apart after 23 November 1973; that plaintiff had not abandoned defendant without adequate cause; and that defendant had committed adultery. From judgment granting plaintiff-husband an absolute divorce, defendant-wife appeals.

*Ross and Dodge by Harold T. Dodge for plaintiff and cross-defendant appellant, Alberta Scoggins Malloy.*

*Latham, Wood and Cooper by Steve A. Balog for defendant and cross-plaintiff appellee, John H. Malloy.*

CLARK, Judge.

[1]    Defendant first assigns error to the refusal of the trial judge to submit the tendered issue of condonation to the jury.

Malloy v. Malloy

Plaintiff contends that there is no error because condonation was neither raised in the pleadings nor tried by implied consent under G.S. 1A-1, Rule 15(b). While it is true that the pleadings contain no allegation of condonation by plaintiff of defendant's alleged adultery, we do not think this precludes defendant from litigating the issue. G.S. 1A-1, Rule 7(a) provides in pertinent part, "There shall be a complaint and an answer; a reply to a counterclaim denominated as such; . . . No other pleading shall be allowed except that the court may order a reply to an answer or a third-party answer." In the first action husband pleaded adultery in his answer but made no claim for affirmative relief; wife was not entitled to file a reply. In the second action, husband pleaded adultery in his reply to wife's original answer wherein she had asserted a counterclaim; again she was not entitled to file any further pleading. G.S. 1A-1, Rule 8(d) provides in pertinent part that "Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." Under Rule 8(d) plaintiff-husband's allegations of adultery were deemed denied. A party who is not permitted to file a responsive pleading may meet the allegations at trial in any manner that would have been proper had a reply been allowed. *Vernon v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977). Given this construction of Rules 7(a) and 8(d), we need not consider whether the issue was tried by implied consent under Rule 15(b). We conclude that defendant-wife was entitled to present evidence of condonation, and accordingly we now consider whether there was sufficient evidence to submit the issue of condonation to the jury.

In the present case the defendant pled abandonment as a ground for alimony without divorce and as a defense to plaintiff's claim for divorce on the ground of one year's separation. Abandonment requires that the separation be done wilfully and without just cause or provocation. *Overby v. Overby*, 272 N.C. 636, 158 S.E. 2d 799 (1968). Adultery is adequate cause for separation. *Caddell v. Caddell*, 236 N.C. 686, 73 S.E. 2d 923 (1953); *Williams v. Williams*, 230 N.C. 660, 55 S.E. 2d 195 (1949); G.S. 50-5(1). In the present case the evidence of condonation was introduced for the purpose of establishing that adulterous acts by defendant did not provide cause for plaintiff to abandon defendant. Condonation is the forgiveness of a marital offense constituting a ground for divorce. 1 Lee, N. C. Family Law, § 87 (1963). Adultery is a ground for divorce.

G.S. 50-5(1). "Condonation is forgiveness upon condition, and the condition is, that the party forgiven will abstain from like offense afterwards, and moreover treat the forgiving party, in all respects, with conjugal kindness; and, if the condition shall be violated, then the original offense shall be revived." *Lassiter v. Lassiter*, 92 N.C. 129, 136 (1885). Voluntary sexual intercourse by the innocent spouse, with knowledge or reason to know that the other has committed adultery, usually operates as a condonation of the offense. *Sparks v. Sparks*, 94 N.C. 527 (1886); 1 Lee, *supra*, § 87.

[2] The evidence, when viewed most favorably to the defendant, tended to show that from January 1972 to November 1973 the plaintiff suspected that his wife was committing adultery; that they had sexual intercourse on at least one occasion during that period; that defendant never denied her husband sexual relations; and that the last time they had sexual intercourse was in August 1973. We conclude that this evidence is sufficient to raise the issue of whether plaintiff condoned acts of adultery committed through August 1973. We are not unmindful that plaintiff's evidence tended to show that defendant continued to commit adultery through November 1973, and that condonation is conditional upon cessation of the marital misconduct. However, in this case the jury was not limited to finding adulterous conduct after the time that defendant's evidence tended to show condonation. If the jury had found that the only time that adultery was committed was prior to the time defendant's evidence tended to show condonation, as would have been sufficient under the instructions given by the trial judge, then defendant was prejudiced by the failure of the court to submit the issue of condonation and she is entitled to a new trial.

Defendant's remaining assignment of error pertains to the charge on adultery. We think that it is unnecessary to discuss this assignment since the error, if any, may not be repeated at the new trial.

Judgment vacated and cause remanded for a new trial.

Judges BRITT and HEDRICK concur.