BERTHA J. EARP v. ROY L. EARP

No. 8010DC873

(Filed 19 May 1981)

**1. Divorce and Alimony § 4— condonation as conditional forgiveness**

   Plaintiff's particularized allegations of indignities and abandonment between 17 and 27 November 1979 operated to revive her complaint as to defendant's acts of cruelty, indignities, and abandonment prior to 15 November 1979, and the trial court erred in ruling that plaintiff, by resuming the marital relationship with defendant on 15, 16, and 17 November 1979 had condoned and forgiven defendant's previous misconduct.

**2. Divorce and Alimony § 4— condonation—failure to plead**

   Where plaintiff alleged the resumption of cohabitation by the parties in both her complaint and reply, the trial judge properly considered the question of plaintiff's condonation of defendant's prior conduct even though defendant failed to allege the defense of condonation in his pleadings.

APPEAL by plaintiff from *Greene, Judge.* Judgment entered 25 April 1980 in District Court, WAKE County. Heard in the Court of Appeals 31 March 1981.

Plaintiff wife brought this action seeking reasonable subsistence and alimony without divorce and possession of the parties' home from defendant husband. In her verified complaint, plaintiff alleged that without provocation by plaintiff, defendant abandoned, maliciously turned out of doors, and offered indignities and cruel and barbarous treatment to the person of plaintiff, and that defendant had committed adultery and used alcohol excessively. Plaintiff detailed, in her complaint, numerous instances beginning in June 1976 of defendant's mistreatment of plaintiff, including defendant's excessive drinking, and defendant physically striking plaintiff. Plaintiff alleged that on a number of such occasions of mistreatment she was forced to leave the residence where she lived with defendant. Plaintiff alleged that she was forced to leave the residence on 2 December 1978 and that defendant ordered her to stay away from the residence. Plaintiff further alleged on 15 November 1979, upon defendant's urging and defendant's representation to her that he wanted to resume living together with plaintiff as husband and wife, plaintiff returned to the residence and remained there with defendant until 17 November 1979. During this time, she shared the same bedroom with defendant, specifically on the nights of 15 and 16

November. On the morning of 17 November, despite plaintiff's request that defendant stay, defendant left the home stating that he was going to the beach. Defendant returned briefly on 19 November but again left despite plaintiff's requests that he stay. On the evening of 26 November 1979 defendant returned once more, accompanied by another woman. Defendant ordered plaintiff to leave the house and defendant and the woman remained in the house. On 27 November 1979 when plaintiff returned to the house, defendant moved certain items of personal property from the house and informed plaintiff that he was having the utilities disconnected. Plaintiff alleged that defendant's acts from 15 to 27 November constituted abandonment of plaintiff by defendant and the offering of such indignities to plaintiff's person so as to render plaintiff's condition intolerable and life burdensome.

Defendant answered, denying the essential allegations of plaintiff's complaint, and counterclaiming for a divorce from bed and board based on indignities offered by plaintiff to defendant which rendered defendant's condition intolerable and life burdensome. Defendant detailed these indignities covering the years 1977 to 1979. Defendant did not allege that plaintiff had condoned the alleged mistreatment of plaintiff by defendant.

In her reply to defendant's counterclaim, plaintiff stated the following as a bar to defendant's claim:

At various times over the past approximately four-year period and on or about November 15, 1979, plaintiff and defendant have resumed living together as man and wife; that, upon such resumption of living together, defendant has condoned any and all such alleged conduct of plaintiff; and defendant cannot now rely on any such alleged conduct as a defense to plaintiff's claim or as a basis for his counterclaim.

When the case was called for trial, defendant moved to dismiss plaintiff's claim pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. At the hearing on this motion, defendant's attorney stated that defendant admitted plaintiff's allegation that on 15 November 1979, the plaintiff and defendant resumed living together as husband and wife, and argued that such a resumption of the relationship constituted, as a matter of law, condonation by each party of any and all misconduct of the other party prior to that date. In response to this motion, the trial judge ruled that

there was condonation by both parties as a result of the conduct of both parties on November 15, 16, and 17, 1979; and that all conduct as between the plaintiff and defendant, prior to these dates, was forgiven by each of the parties respectively; and that the marital relationship was resumed.

At trial both parties presented evidence of the events subsequent to 15 November 1979. After deliberation, the jury answered the issues presented to them as follows: "Did the defendant abandon the plaintiff in November 1979 as alleged in the complaint? No; Did the defendant offer such indignities to the person of the plaintiff as to render her condition burdensome and life intolerable [*sic*]? No." Plaintiff has appealed.

*Emanuel & Thompson, by W. Hugh Thompson, for plaintiff appellant.*

*Boyce, Mitchell, Burns & Smith, by Eugene Boyce and Greg L. Hinshaw, for defendant appellee.*

WELLS, Judge.

[1]     In her first assignment of error, plaintiff contends that the trial court committed prejudicial error by its pretrial determination, based on the pleadings, that there was condonation by both plaintiff and defendant as a result of the events of 15, 16, and 17 November 1979. As is made clear by the language of his pretrial order, Judge Greene ruled that plaintiff, by resuming the marital relationship on 15, 16, and 17 of November 1979 had condoned *and forgiven* defendant's previous offenses.

The determinative aspect of this issue, however, is whether condonation operates to *forever* forgive previous indignities or acts of cruelty. Since the early case of *Gordon v. Gordon,* 88 N.C. 45 (1883), our appellate courts have consistently adhered to the rule that condonation is a conditional forgiveness. We quote in pertinent part from *Gordon:*

> Condonation . . . is strictly a technical word. It had its origin in the ecclesiastical court of England and means "forgiveness with condition." The condition is, that the original offense is forgiven, if the delinquent will abstain from the commission of a like offense afterwards, and moreover, treat the forgiving party in all respects with conjugal kindness (cited author-

ity omitted). Condonation extinguishes the right of complaint, except for subsequent acts, and is accompanied with an implied condition that the injury shall not be repeated, and that a repetition of the injury takes away the condonation, and operates as a reviver of the former acts (cited authority omitted).

88 N.C. at 50-51.

For restatement of the rule in subsequent cases, *see, Lassiter v. Lassiter*, 92 N.C. 129, 136 (1885); *Page v. Page*, 167 N.C. 346, 348, 83 S.E. 625, 626 (1914); *Eggleston v. Eggleston*, 228 N.C. 668, 679, 47 S.E. 2d 243, 250 (1948); *Cushing v. Cushing*, 263 N.C. 181, 187-88, 139 S.E. 2d 217, 222-23 (1964); *Malloy v. Malloy*, 33 N.C. App. 56, 60, 234 S.E. 2d 199, 202 (1977). *See also*, 1 Lee, N.C. Family Law § 87, at 404-10 (1979).

We hold that plaintiff's particularized allegations of indignities and abandonment between 17 and 27 November 1979 operated to revive her complaint as to defendant's acts of cruelty, indignities, and abandonment prior to 15 November 1979 and that the trial court erred in dismissing those prior offenses from her claim for relief. *Compare, Cushing v. Cushing, supra. Compare also, Privette v. Privette*, 30 N.C. App. 305, 227 S.E. 2d 137 (1976), where there was no separation, but continued acts of cruelty and indignities *during continued cohabitation.* This Court held the complaining spouse did not condone the continued offenses against her *by continuing to cohabitate* until she sought relief in her G.S. 50-16 action.

[2]    Plaintiff also asserts that the issue of whether plaintiff condoned defendant's prior conduct was not properly before the trial judge at the hearing on defendant's motion, because defendant failed to affirmatively allege the defense of condonation in his pleadings. Ordinarily, as an affirmative defense, condonation must be alleged in defendant's pleadings. *Hudson v. Hudson*, 21 N.C. App. 412, 415, 204 S.E. 2d 697, 699 (1974); *compare, Malloy v. Malloy, supra*, at 59, 234 S.E. 2d at 201. Our Supreme Court has held, however, that when plaintiff's pleadings allege cohabitation subsequent to defendant's misconduct, plaintiff's claim is properly demurrable for condonation even absent such allegations in defendant's pleadings. *Cushing v. Cushing, supra*, at 188, 139 S.E. 2d at 223. Because plaintiff, in both her complaint and reply, alleged

the resumption of cohabitation by the parties, we hold that the trial judge properly considered the question of plaintiff's condonation of defendant's prior conduct in ruling on defendant's motion to dismiss. *Cushing v. Cushing, supra.*

As plaintiff's other asserted errors in the trial are not likely to recur on retrial, we elect not to discuss them in this appeal.

For reasons stated, there must be a

New Trial.

Judges VAUGHN and CLARK concur.