TERESA  H.  SHINGLEDECKER, PLAINTIFF  v.  TERRY  ALLAN SHINGLEDECKER, DEFENDANT

No. 9030DC906

(Filed 20 August 1991)

1. **Divorce and Separation § 336 (NCI4th)— child custody—child in North Carolina—father in Florida—North Carolina proper forum**

    The trial court properly exercised jurisdiction in making its child custody order, though defendant was living in the state of Florida when plaintiff filed her complaint, since the child's home state was North Carolina and she was residing in North Carolina at the time plaintiff filed her complaint. N.C.G.S. § 50A-3(a)(1).

**Am Jur 2d, Divorce and Separation § 964.**

2. **Appeal and Error § 114 (NCI4th)— motion to dismiss based on insufficiency of allegations—motion denied—trial on merits—denial of motion not reviewable on appeal**

There was no merit to defendant's contention that plaintiff's complaint, which alleged constructive abandonment, cruel and barbarous treatment, and indignities as a basis for divorce from bed and board, was fatally defective because it failed to allege that the actions were perpetrated without adequate provocation, since an unsuccessful movant may not on an appeal from the final judgment seek review of the denial of his motion to dismiss, which was grounded on an alleged insufficiency of the facts to state a claim for relief, where the case thereupon proceeds to judgment on the merits.

**Am Jur 2d, Appeal and Error § 105.**

APPEAL by defendant from Order entered 28 March 1990 in JACKSON County District Court by *Judge John J. Snow.* Heard in the Court of Appeals 13 March 1991.

*Haire, Bridgers & Spiro, P.A., by James M. Spiro and B. David Steinbicker, Jr., for plaintiff-appellee.*

*Robert G. Cowen for defendant-appellant.*

WYNN, Judge.

Plaintiff and defendant were married on 28 January 1989 in Jackson County, North Carolina. Thereafter, the parties moved to the State of Florida on a temporary basis, although the family home remained in the State of North Carolina.

In January 1990, plaintiff instituted this action seeking a divorce from bed and board and alleging, as grounds therefor, constructive abandonment, cruel and barbarous treatment and indignities. In her complaint, plaintiff alleged that on 13 December 1989, she was forced to flee from the defendant and the State of Florida back to North Carolina after the defendant had perpetrated several acts of mental and physical abuse against her and the parties' minor daughter, Kimberly Crystal Shingledecker. Plaintiff also requested both temporary and permanent child custody and child support.

Defendant responded to plaintiff's complaint by filing pre-answer motions to dismiss plaintiff's complaint based upon North Carolina Rules of Civil Procedure 12(b)(2) and 12(b)(6), lack of personal jurisdic-

## SHINGLEDECKER v. SHINGLEDECKER

tion and failure to state a claim upon which relief could be granted. Following a hearing on 28 March 1990, Judge John J. Snow entered an order denying both of defendant's motions and granting plaintiff temporary child custody and child support. Following defendant's failure to appear at a subsequent hearing held on 26 April 1990, Judge Steven J. Bryant entered a judgment granting plaintiff a divorce from bed and board, permanent child custody and child support. From the Order denying his motions to dismiss, defendant appeals.

I

[1] In his first assignment of error, defendant contends that the trial court erred in denying his 12(b)(2) motion to dismiss the plaintiff's complaint. He argues that since he was living in the State of Florida when the plaintiff filed her complaint, the trial court could not properly exercise jurisdiction over his person in determining the issue of child custody. We disagree.

The jurisdiction of the courts of this State to make child custody determinations is governed by N.C. Gen. Stat. § 50A-3 (1989), the jurisdiction provision of the Uniform Child Custody Jurisdiction Act (UCCJA). *See* N.C. Gen. Stat. § 50-13.5(c)(2) (1990). Under the UCCJA, "A court of this State authorized to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if: (1) This State (i) is the home state of the child at the time of commencement of the proceeding . . . ." N.C. Gen. Stat. § 50A-3(a)(1).

In its 28 March 1990 order, the trial court specifically found as fact that "the State of North Carolina [was] the home state of the child at the time of the commencement of this proceeding . . . ." Section 50A-3(a)(1) makes it clear that the existence of such a fact is all that is required in order to invoke a court's jurisdiction to make child custody determinations. Moreover, personal jurisdiction over the nonresident is not required under the UCCJA. *Hart v. Hart*, 74 N.C. App. 1, 7, 327 S.E.2d 631, 635 (1985). We conclude that the trial court properly exercised jurisdiction in making the child custody order entered below.

II

[2] Defendant next contends that the trial court erred in refusing to dismiss plaintiff's complaint for failure to state a claim upon

which relief could be granted. He contends that plaintiff's complaint, which alleges constructive abandonment, cruel and barbarous treatment and indignities as a basis for divorce from bed and board, is fatally defective because it failed to allege that the actions were perpetrated without adequate provocation. To be sure, defendant's contention was supported by cases decided prior to the enactment of the North Carolina Rules of Civil Procedure at G.S. § 1A-1. *See, e.g., Brooks v. Brooks*, 226 N.C. 280, 284, 37 S.E.2d 909, 912 (1946) (stating that the failure of a complaint seeking a divorce from bed and board on the grounds of abandonment to allege "lack of adequate provocation" is a fatal defect); *Ollis v. Ollis*, 241 N.C. 709, 711, 86 S.E.2d 420, 421 (1955) (In alleging cruel and barbarous treatment, "[i]t is not enough for the wife to allege the husband has been abusive and violent towards her, that she has been made to fear for her safety. She must go further and allege specific acts and conduct on the part of the husband . . . . [S]he must [also] set forth what, if anything, she did to start or feed the fire of discord . . . ." *Id.* at 711, 86 S.E.2d at 422. " 'The omission of such allegation[s] is fatal.' " *Id.*); *Cushing v. Cushing*, 263 N.C. 181, 139 S.E.2d 217 (1964) (One who bases a claim for alimony without divorce on the ground of indignities is required "not only to set out with particularity those . . . acts which . . . constituted such indignities . . . but also to show that those acts were without adequate provocation . . . ." *Id.* at 187, 139 S.E.2d at 222. An omission to make the necessary allegations is fatal. *McDowell v. McDowell*, 243 N.C. 286, 288, 90 S.E.2d 544, 545 (1955) ).

Following the enactment of the Rules of Civil Procedure in 1967, this court, in *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 340 S.E.2d 755, *cert. denied*, 317 N.C. 333, 346 S.E.2d 137 (1986), specifically addressed the propriety of appealing motions of this type. There, we fashioned the following rule of procedural law:

> [W]here an unsuccessful motion to dismiss is grounded on an alleged insufficiency of the facts to state a claim for relief, and the case thereupon proceeds to judgment on the merits, the unsuccessful movant may not on an appeal from the final judgment seek review of the denial of the motion to dismiss.

*Id.* at 682-83, 340 S.E.2d at 758-59.

Inasmuch as we find *Concrete Service Corp.* to be controlling on this issue, we conclude that defendant's motion to dismiss is not properly presented by this appeal.

For the reasons discussed above, the order appealed from is

Affirmed.

Judges WELLS and GREENE concur.