MOSES CAREY v. W. J. CAREY et al.

*Attorney and Client—Evidence—Issues.*

1. The rule which excludes evidence of communications between attorney and client as privileged, does not extend to those cases where the witness was counsel for both parties, or to communications between the parties in the presence of counsel, or when made by one party to the attorney of the other.

2. A mortgagee is a competent witness to the fact of the payment of a debt and the cancellation of a mortgage to secure it, as against a deceased mortgagor, if it appears the witness has no interest in the controversy. (The opinion, on this point, in this case, 104 N. C., 175, overruled.)

3. If a party assent to the submission of an improper issue, he will not be permitted to make it the ground of exception.

CIVIL ACTION, tried at November Term, 1890, of GRANVILLE Superior Court, *MacRae, J.,* presiding.

The action was brought to set up a trust in favor of plaintiff in the tract of land mentioned in the complaint.

The plaintiff is the father of Simeon Carey, deceased, and the defendants are the children and widow of the said Simeon. A deed in fee-simple for the land was executed by one D. W. Wheeler and wife to said Simeon Carey, on the 20th October, 1877. A mortgage on the same land was executed by Simeon to one K. T. Roycroft, of same date. This mortgage has since been cancelled of record by said Roycroft. The plaintiff alleges that he paid one-half of the purchase-money for the land; that the title was made to Simeon Carey for the whole thereof for temporary convenience of them both. The plaintiff seeks to have the defendants, heirs at law of said Simeon, declared trustees as to one undivided half of the land for the benefit of the plaintiff.

Plaintiffs asked that the first issue tendered be amended by the addition of the words, "or for the convenience of both parties as alleged." This was assented to by defendants, and the issues as framed were then as follows:

1. Was the name of Moses Carey omitted from the deed from D. W. Wheeler by mistake, or for convenience of both parties, as alleged?

2. Did Moses Carey pay any part of the purchase-money of the land? If so, how much?

3. Is the cause of action barred by the statute of limitations?

Upon the trial it was admitted by the defendants' counsel that the action was not barred by the statute of limitations; and it was admitted by the plaintiff's counsel that the name of Moses Carey was not omitted from the deed from Wheeler through mistake.

K. T. Roycroft, to whom was made the mortgage from Simeon Carey, a witness for plaintiff, was asked by plaintiff's counsel, "Was the date of the cancellation of the mortgage to you from Simeon Carey, as appears of record, the true date of the last payment to you on the mortagage debt?"

Objected to by defendant. Objection sustained, and plaintiff excepted.

R. W Winston, Esq., was then called as a witness for plaintiff. Plaintiff's counsel proposed to show by Mr. Winston that this action was brought by him, as counsel for both plaintiff and defendant, for the purpose of having the respective rights of the parties adjusted by the aid of the Court; that upon some disagreement arising between the plaintiff and the defendant Jennie Carey, the pleadings which had been filed were withdrawn by leave of the Court, and the plaintiff thereafter notified to employ other counsel. Also, to show what transpired between the plaintiff and defendant Jennie Carey in reference to the settlement of the title to the land. Mr. Winston stated that he was representing the defendant Mrs. Carey, who was the guardian of her children; that he was not representing Moses Carey. He was proceeding to make other statements, when the Court ruled all his testimony out, and plaintiff excepted.

There was a verdict upon the first issue for defendant, and from the judgment thereon rendered against the plaintiff, he appealed.

*Mr. J. W. Hays,* for plaintiff.
*Mr. A. W. Graham,* for defendant.

SHEPHERD, J.: The plaintiff excepted to the exclusion of the testimony of the witness R. W. Winston. As it does not appear that the order permitting the withdrawal of the original pleadings was put in evidence, we are unable to see how any testimony tending to explain it was relevant or material. We are of the opinion, however, that the witness should have been permitted to testify as to " what transpired between the plaintiff and Jennie Carey in reference to the settlement of the title to the land." Jennie Carey was the widow of Simeon Carey, who had the legal title, and, as such widow,

was an interested party to the action. She was also the general guardian of the infant heirs at law of the said Simeon, and was defending their interest as such guardian. The declarations and admissions of such a party are generally competent (1 Greenl'f Ev., §§ 171, 179; Stephens' Ev., 28; *Tredwell* v. *Graham*, 88 N. C., 208; *Adams* v. *Utley*, 87 N. C., 356), and there is nothing to show that the declarations sought to be proved were made by way of compromise. In *Thompson* v. *Austin*, 2 D. & Ry., 358, BAYLEY, J., remarked : " That the essence of an offer to compromise was, that the party making it was willing to submit to a sacrifice, and to make concession." This is the true principle of the exclusion of such testimony, and it is incumbent upon the objecting party to distinctly show the excluding circumstances, and not leave them to be inferred from such a general statement as appears in this case. This ground of objection, however, does not appear to be seriously insisted upon, but it is urged that the witness should not have been allowed to testify by reason of his relation as attorney to one or both of the parties. It is an elementary principle, " that whenever the relation of counsel or attorney and client exists, all communications made to the counsel or attorney, on the faith of such relation, and in consequence of it, are privileged; and the counsel or attorney, if so disposed, would not be permitted to disclose them. * * * To the general rule, as laid down, there are several qualifications, * * * as, where the witness was counsel for both the plaintiff and defendant, as between them the matter was not, in its nature, private and confidential. *Michael* v. *Foil*, 100 N. C., 178, and cases cited. So it has been held in numerous adjudications that the rule does not apply to communications between parties to an agreement made before an attorney, or between such parties and the attorney of one of them, or when made by one party to his counsel in the presence of the other party, or when

CAREY *v.* CAREY.

made by one party to the attorney of the other party." *Hughes* v. *Boone*, 102 N. C., 137.

The witness stated that at the time of the conversation or transaction he was counsel for the defendant only. Taking it either way, the matter was not privileged, according to the principles above stated.

We think that there was error in rejecting the testimony, and for this reason the plaintiff is entitled to a new trial.

2. The first issue was improperly framed. "It is misleading to embody in one issue two propositions as to which the jury might give different responses." *Emry* v. *Railroad*, 102 N. C., 225; *Manufacturing Co.* v. *Assurance Co.*, 106 N. C., 49. As, however, the plaintiff assented to the issue in this form, it is not a proper ground of exception.

3. The Court excluded the testimony of Roycroft as to the date of the cancellation of the mortgage executed to him by Simeon Carey. In this ruling, his Honor but followed the opinion delivered in this case when it was before us upon a former occasion (104 N. C., 175); but the ruling in this particular was unnecessary to the disposition of the appeal, and, upon further consideration, we think that the testimony of the said witness should have been admitted. The land was purchased of D. W. Wheeler, who executed a deed to Simeon Carey. Simeon, it seems, borrowed money of the witness with which to pay Wheeler, and executed to witness a mortgage to secure the same. The mortgage has long since been discharged and cancelled, and the witness had no interest in the controversy. Neither party derived title through or under him, and he was only an incumbrancer to the amount of the mortgage debt. *Bunn* v. *Todd*, 107 N. C., 266.

There must be new trial.