H. G. McNEILL v. SIDNEY THOMAS, ADMINISTRATOR OF W. J. MASON, DECEASED, AND A. A. McDONALD, TRUSTEE.

(Filed 28 September, 1932.)

1. **Pleadings D d—Demurrer to the complaint for failure to state a cause of action may be interposed at any time.**

    A demurrer *ore tenus* on the ground that the complaint fails to state a cause of action may be made at any stage of the trial, and an answer does not waive such demurrer.

2. **Actions B f—Purpose of this action was for recovery of usury and not for cancellation or rescission of instrument.**

    Where a complaint alleges that the plaintiff borrowed a certain sum from the defendant which was secured by a mortgage, and that unknown

to the plaintiff the amount of the note when it was executed was raised to a sum much larger than the amount loaned, and that later the defendant forced him to execute a renewal note in a still larger amount for the purpose of evading the usury laws, and seeks to restrain foreclosure for usury, and the sale is enjoined upon condition that the plaintiff pay a certain sum, and upon failure of the plaintiff to make payment the mortgage is foreclosed, and thereupon the plaintiff files an amended complaint alleging the foreclosure and sale of the property for the amount of the renewal note and seeks to recover double the amount brought by the property in excess of the principal sum alleged: *Held*, the action is to recover for usury charged and paid and is not for the cancellation or rescission of the instrument, and a demurrer on the ground that the complaint did not allege fraud or mistake is properly overruled.

3. **Usury C a—Complaint in this case held to have sufficiently alleged cause of action to recover usury charged and paid.**

A complaint alleging a loan in a certain amount and the execution of a note secured by a mortgage in an amount greatly exceeding the sum of the loan with the legal rate of interest, and that the mortgage had been foreclosed and bought in by the lender for the amount of the note, and seeking to recover twice the amount brought by the property in excess of the principal amount of the loan, sufficiently alleges a cause of action to recover twice the amount of usury charged and paid, and a demurrer thereto is bad.

4. **Money Received B a—Held: issues submitted by agreement of parties constituted action for money had and received.**

Where in an action to recover twice the amount of usury charged and paid the parties agree that only two issues be submitted to the jury, one as to the amount of the plaintiff's indebtedness to the defendant and the other as to the value of the land foreclosed under a mortgage given as security: *Held*, the action by this agreement is transformed into and treated as an action for an accounting for money had and received for the use of the plaintiff, and the defendant's demurrer *ore tenus* on the ground that a cause of action was not stated is properly overruled.

5. **Evidence D e—Communication between attorney and client are privileged and incompetent in action against client.**

Where a trustee for the lender of money secured by mortgage on lands has acted as the attorney for the lender, transactions and communications between them are strictly confidential, and testimony by the attorney of a statement of the lender amounting to an admission of a charge of usury by the lender is incompetent in an action by the borrower to recover for usury charged and paid, and its admission constitutes reversible error.

APPEAL by defendant Thomas, administrator, from *Harris, J.,* at February Term, 1932, of HARNETT.

The plaintiff filed two complaints. In the first he alleged that on 3 December, 1926, he and his wife executed and delivered to W. J. Mason their promissory note in the sum of $2,200 with interest at the rate of 6 per cent, and to secure the debt executed to W. P. Byrd, trustee, a

deed of trust conveying 25 acres of land which is one-half of a 50-acre tract hereafter described; that the papers were given for borrowed money, the plaintiff having received only $2,000 and having been charged $200 in excess of the legal rate of interest. He alleged that on 2 February, 1928, he and his wife executed to W. J. Mason their promissory note for $3,212 with interest at 6 per cent, and to secure the note executed a deed of trust to A. A. McDonald, trustee, conveying two tracts of land, one containing 128 acres and the other the 50 acres referred to above, subject to a mortgage of $4,900 held by the Federal Land Bank; that the last named note and deed of trust were given as additional security for the note of $2,000, and that the plaintiff received no other money or consideration; that on 5 January, 1929, with Mason's consent and after the release of his lien, the plaintiff and his wife conveyed the tract of 126 acres to Mollie D. Gardner, who agreed with the plaintiff and Mason to assume payment of the debt due the Federal Land Bank, and Mason agreed that he would not foreclose his deed of trust until the debt due the Land Bank was paid. It was further alleged that the plaintiff tendered the trustees $2,000 with interest in payment of the two notes and that they refused to accept this sum, whereupon the trustee McDonald advertised the 50-acre tract for sale. The plaintiff prayed that a restraining order be issued and that the deeds of trust be discharged upon payment of $2,000 with interest.

The administrator filed an answer denying the material allegations in the complaint and alleged that the release of the 126-acre tract was in consideration of acquiring a first lien on the tract of 50 acres. He asked that the plaintiff's action be dismissed and that the trust be foreclosed.

Admitting an indebtedness of $2,000 with interest from 3 December, 1928, the plaintiff applied to a judge of the Superior Court for a restraining order. The court adjudged that the plaintiff pay this amount to the defendant on or before 1 February, 1931, and in the event of his failure to do so that the restraining order be dissolved.

The plaintiff failed to make payment, the land was sold pending the action, and the plaintiff filed an amended complaint in which he alleged:

1. That the deed of trust had been foreclosed.

2. That the consideration of the notes was $2,000 loaned the plaintiff by W. J. Mason; that to this sum was added $2.00; that the note for $3,212 was a renewal of the first note; and that Mason required him to sign the renewal note, and charged $1,212 as a bonus.

3. That the renewal note was framed for the purpose of evading the law of usury.

4. That Thomas as administrator and A. A. McDonald, as trustee, sold the property at the price of $3,212, and refused to account to the plaintiff for the usury charged and collected.

5. That the plaintiff should recover $2,424 with interest from 13 May, 1931, and that the defendant has forfeited all interest on the original debt.

The administrator filed an answer denying these allegations.

The defendant Thomas testified that he caused the land to be sold under the power in the deed of trust to McDonald and bought it in at $3,200 for the benefit of the estate, took a deed for the land, and had since tried to sell it, but without success.

At the close of the plaintiff's evidence it was agreed between the parties that the plaintiff would withdraw all allegations of usury against the defendant as set out in the complaint and that the case should be tried upon the following issues:

1. In what amount was H. G. McNeill indebted to W. J. Mason at the time of the sale on 21 April, 1931? Answer: $2,000.

2. What was a fair market value of the land described in the complaint on 21 April, 1931? Answer: $3,500. .

It was agreed that judgment should be rendered upon the jury's answer to these two issues, the parties stating that since it is a matter against an estate and one that should be settled, they wanted the case tried upon these issues, and waived all contentions except such as could be tried upon the issues submitted.

Upon the verdict judgment was given the plaintiff for $1,114.30 with interest from 21 April, 1931, and costs. The defendant excepted and appealed.

*W. P. Byrd and K. R. Hoyle for appellant.*
*J. R. Hood and Charles Ross for appellee.*

ADAMS, J. The action is prosecuted against the defendant Thomas, administrator. He caused the land to be sold and holds it in trust under the deed executed by A. A. McDonald as trustee. Notwithstanding his answers to the two complaints the defendant filed a formal demurrer, and on the argument here demurred *ore tenus,* on the ground that neither the original nor the amended complaint states a cause of action. The answers do not waive the demurrer *ore tenus;* a party may demur at any stage of the trial for failure to allege a cause of action. *Cole v. Wagner,* 197 N. C., 692; *Key v. Chair Co.,* 199 N. C., 794.

The defendant first insists that the action is ostensibly founded on fraud or mutual mistake and that the allegations in the complaint with respect to either of these causes is fatally defective. If this position is maintainable the demurrer should be sustained, for unless the facts relied on to constitute fraud or mistake are distinctly alleged the courts cannot grant relief. *Colt v. Kimball,* 190 N. C., 169; *Tull v. Harvey,*

197 N. C., 329. But it is perfectly obvious that the defendant's position is not supported by the facts. The plaintiff does not seek relief by the reformation or the rescission of the deeds of trust, and for this reason he did not allege mistake or fraud as the basis of his action. True, in the original complaint he did aver his ignorance of the fact that the amount set out in the second note had been raised from $2,200 to $3,212; but this is not a definite allegation either of fraud or of mutual mistake. Furthermore, the amended complaint contains an allegation that W. J. Mason required the plaintiff to execute the second note in the sum of $3,212, although the amount actually loaned the plaintiff was only $2,000. According to the first complaint the purpose of the action as constituted was to restrain a sale of the mortgaged property for usury; but after the property had been sold the plaintiff filed an amended complaint praying that he recover double the usury charged and paid.

The second cause of demurrer is that neither complaint states an action for usury. We do not agree, because on this point the amended complaint is specific: for $2,000 the plaintiff was charged $3,212. The circumstances are adequately minute and the allegations are sufficiently distinct. *Churchill v. Turnage,* 122 N. C., 426.

There is still another reason for overruling the demurrer. When the plaintiff rested his case the parties stipulated that all allegations of usury should be withdrawn and that the controversy should be heard and determined upon the two issues heretofore set out—the amount of the plaintiff's indebtedness and the market value of the land held by the defendant. The action was thus transformed into and treated as an action for an accounting as upon allegations for money had and received for the use of the plaintiff.

For these reasons the demurrer is overruled; but the court inadvertently admitted incompetent evidence to the prejudice of the defendant. A. A. McDonald was Mason's attorney. As a witness for the plaintiff he testified that he prepared the last note and deed of trust for Mason, the intestate; that this note "was for more than the old note and he advised Mason that the plaintiff might sue him for usury"; that in reply Mason said, "He would risk McNeill"; and that he saw no money pass. The defendant objected and excepted for the reason that the communication between the attorney and his client was privileged.

When persons sustain toward each other certain confidential relations the law will neither compel nor allow one of them to violate the confidence by testifying without the consent of the other. 40 Cyc., 2352. Few rules of evidence are better settled or more firmly entrenched in public policy. The facts are not within any of the recognized exceptions.

*Hughes v. Boone,* 102 N. C., 137; *Jones v. Marble Company,* 137 N. C., 238. On this principle the testimony excepted to should have been excluded. Eliminating all claims for usury, as the parties agreed, we find evidence from which the jury might reasonably have inferred an admission by Mason that the face of the second note was greatly in excess of the amount of money loaned to the plaintiff.

New trial.