W. W. GUY v. AVERY COUNTY BANK and E. C. GUY.

(Filed 21 March, 1934.)

**Evidence D e—**

> Where a communication is made by a client to an attorney under a sense of absolute privilege and on the faith of the relationship of attorney and client, such communication is absolutely privileged.

APPEAL by defendant E. C. Guy from *Schenck, J.,* at September Term, 1933, of McDOWELL. Affirmed.

The cause was referred by consent; the referee made his report; exceptions were filed and overruled; the report was confirmed; and E. C. Guy excepted to the judgment of the Superior Court and appealed.

*Dillard S. Gardner and W. T. Morgan for appellant.*
*J. Will Pless, Jr., and Winborne & Proctor for appellees.*

PER CURIAM. The only question to be considered is presented by an exception to the exclusion of evidence. Rule 27½—Practice in the Supreme Court. The defendant offered the deposition of J. P. Kitchin for the purpose of showing, as a basis of E. C. Guy's alleged counterclaim, that the plaintiff had admitted his indebtedness to E. C. Guy and his purpose to convey certain lots to him as security. The plaintiff objected for the reason that between the witness and the plaintiff there existed the relation of attorney and client and that the answer would involve the disclosure of a confidential communication. The referee excluded the evidence and the appellant's exception was overruled by Judge Schenck.

The witness was a practicing attorney. He testified that he had not been retained by the plaintiff with respect to the conveyance of the lots but that he had represented the plaintiff in practically all his real estate transactions in Buncombe County for a number of years as the plaintiff called on him from time to time, and that he and the plaintiff occupied the "confidential relationship of attorney and client"; that all the information he had received came to him by reason of this relation; that when they "discussed these things the plaintiff was talking to him as his attorney"; that he had not been released from the privilege of nondisclosure; and that the plaintiff would not have made the disclosure except for these facts.

When the relation of attorney and client exists all communications made by the latter to his attorney on the faith of such relation are privileged and the attorney will not be permitted to disclose them. *Hughes v. Boone,* 102 N. C., 137; *Carey v. Carey,* 108 N. C., 267. The

attorney's disqualification with respect to communications between himself and his client is absolute. McKelvey on Evidence (4 ed.), sec. 244. In 2 Jones on Evidence (.2 ed.), sec. 749, it is said: "The privilege has been recognized, even in cases where the attorney did not consider that he was acting as counsel, when the circumstances were such as to show that the relation of attorney and client actually existed. Communications made to an attorney in the courts of any personal employment, relating to the subject thereof, and which may be supposed to be drawn out in consequence of the relation in which the parties stand to each other are under the seal of confidence, and entitled to protection as privileged communications. . . . Although the burden of showing that the communication is privileged rests on the one asserting the facts, whenever the communication relates to a matter so connected with the employment as attorney as to afford a presumption that it was drawn out by the relation of attorney and client, it is privileged from disclosure."

We are not inadvertent to the doctrine that to be privileged the communication should be made as a part of the purpose to obtain advice, but it is manifest in the present case that the communication was made by the client under a sense of absolute privilege.

Affirmed.