WILLIE BLAYLOCK AND WIFE, EFFIE BLAYLOCK, v. F. G. SATTER-
FIELD, F. S. SATTERFIELD, GEORGE T. CUNNINGHAM AND
WALKER STONE, TRADING AS THE LIBERTY WAREHOUSE, AND Z. A.
McGEE.

(Filed 31 May, 1941.)

**Evidence § 13—**

Plaintiffs' objection to the admission in evidence of a letter written by
plaintiffs' attorney to one of defendants, on the ground that the letter
contained confidential communications between attorney and client, cannot
be sustained when it appears that the letter was written at the instance or
by the consent of plaintiffs for the purpose of communicating their claim,
and that the *feme* plaintiff testified upon the trial as to all matters con-
tained in the letter.

APPEAL by plaintiffs from *Frizzelle, J.,* at January Term, 1941, of
DURHAM. No error.

*Bennett & McDonald for plaintiffs.*
*B. I. Satterfield for defendants.*

PER CURIAM. Plaintiffs instituted this action to recover $223.85,
proceeds of sale of tobacco cultivated by them on land sub-rented from
the defendant McGee. This amount the other defendants, tobacco ware-
housemen, had paid to McGee over plaintiffs' objection. Plaintiffs
claimed this money belonged to them, less $65.56 due McGee for advance-
ments to make the crop. Defendant McGee claimed he had made ad-
vancements to plaintiffs in an amount larger than the proceeds of the
sale, and that he owed them nothing. There was verdict for defendants,
and plaintiffs appealed, assigning errors in the admission of testimony.

The exception chiefly relied on was the admission, over objection, of a
letter written to defendant McGee by an attorney who at the time repre-
sented plaintiffs. It was argued this letter referred to matters which had
been communicated to the attorney by the plaintiffs, and that its admis-
sion violated the rule excluding evidence of confidential communications
between attorney and client. *Hughes v. Boone,* 102 N. C., 137, 9 S. E.,
286; *Guy v. Bank,* 206 N. C., 322, 173 S. E., 600. However, upon
examination, it appears that the letter was written at the instance or by
the consent of plaintiffs for the purpose of communicating plaintiffs'
claims to the defendant (70 C. J., 426; 28 R. C. L., 563; Wigmore on
Ev. [2d Ed.], sec. 2311; *Koeber v. Somers,* 52 L. R. A., 512), and that
the only matters referred to in the letter were those to which the *feme*
plaintiff had already testified at the trial. The judge, in his charge to
the jury, to which there was no exception, limited their consideration

of the amount of the advancements to those which had been made to produce the crop in question.

The issue of fact involved was decided adversely to the plaintiffs, and on the record we find no prejudicial error which would justify us in disturbing the result.

No error.