LOUISE CANNADY BROWN v. ANNIE LAURIE GREEN, ADMINISTRATRIX OF THE ESTATE OF WILLIE LOU CANNADY

No. 68SC198

(Filed 5 February 1969)

1. **Evidence § 11— dead man's statute — testimony by plaintiff**
    In an action against defendant administratrix to recover money allegedly loaned by plaintiff to defendant's intestate, testimony by plaintiff that she and deceased went to an attorney's office and a bank on a certain date, when viewed with other evidence that the attorney's discussion with plaintiff and deceased concerned a deed of trust for $15,000 to be executed by deceased and that deceased deposited $15,000 in the bank on that date, *is held* violative of G.S. 8-51 since it related to a personal transaction with deceased tending to establish plaintiff's claim against the personal representative of deceased.

2. **Evidence § 11— dead man's statute — acts of plaintiff — testimony based on independent knowledge**
    In an action to recover for a loan allegedly made by plaintiff to defendant's intestate, the court properly overruled defendant's objection to a question asked plaintiff as to whether she withdrew money from her bank account on a certain date, plaintiff not being precluded by G.S. 8-51 from testifying as to her own acts based upon independent knowledge not derived from any personal transaction or communication with deceased.

**3. Trial § 15— necessity for motion to strike testimony**

Where a question asked a witness is competent, exception to his answer which is incompetent in part should be taken by motion to strike the part that is objectionable.

**4. Appeal and Error § 30; Trial § 15— unresponsive testimony — motion to strike**

Question of whether the unresponsive part of a witness' answer to a competent question was incompetent under G.S. 8-51 is not presented by an objection and exception to the question where no motion was made to strike the unresponsive testimony.

**5. Evidence § 11; Appeal and Error § 48— dead man's statute — error in admission of evidence cured by later testimony**

Error in the admission over defendant's objection of testimony which is incompetent under G.S. 8-51 was cured when plaintiff was thereafter permitted to give the same testimony without objection.

**6. Evidence § 13— attorney and client — confidential communications**

In an action to recover for a loan allegedly made by plaintiff to defendant's intestate, the court did not err in requiring an attorney to testify as to his preparation of a deed of trust for plaintiff and defendant's intestate where the evidence showed he was acting as attorney for both plaintiff and deceased and that communications between the attorney and the plaintiff and deceased were not regarded as confidential, only confidential communications being privileged, and communications to an attorney acting for two persons in a business transaction ordinarily not being privileged *inter se.*

**7. Wills § 60— renunciation of interest in an estate**

Written instrument purporting to be a "family agreement" is not a proper renunciation of an interest in an estate as provided in G.S. 29-10 where there is no evidence that it was delivered to anyone or that it was approved by the clerk and resident judge of the superior court.

**8. Evidence § 34— admission against interest**

In an action against defendant administratrix to recover money allegedly loaned by plaintiff to defendant's intestate, a purported "family agreement" signed by all of the heirs at law of deceased except plaintiff acknowledging that money provided to deceased by plaintiff was a loan and not a gift is not competent as an admission against interest where defendant signed the writing as an individual and not as administratrix, those who signed the writing not being parties to the action.

**9. Appeal and Error § 30— admission of entire writing incompetent in part — general objection — motion to strike — restriction of purpose**

Where a portion of a paper writing admitted into evidence was competent for the limited purpose of corroborating two witnesses for plaintiff, admission of the entire writing is not error where defendant objected generally to its introduction but did not move to strike the incompetent portion or request that its purpose be restricted.

**10. Trial § 40— submission of counterclaim — nonsuit of counterclaim**

The trial court erred in submitting issues to the jury with respect to defendant's counterclaim after having allowed plaintiff's motion for nonsuit as to the counterclaim at the close of the evidence.

APPEAL by defendant from *Hobgood, J.*, December 1967 Civil Session of VANCE Superior Court.

Plaintiff instituted this action to recover of the defendant the sum of $13,500.00 alleging that plaintiff had loaned to defendant's intestate sums of money upon which there was a balance due of $13,500.00 plus interest. Defendant denied the loan, the indebtedness, and alleged a counterclaim against the plaintiff claiming that plaintiff was indebted to the estate in the sum of $8,597.30.

Upon trial, the following issues were submitted to and answered by the jury as indicated:

"1. Is the defendant, as Administratrix of the Estate of Willie Lou Cannady, indebted to the plaintiff?

"ANSWER: Yes.

"2. If so, in what amount?

"ANSWER: $11,000

"3. Is the plaintiff indebted to the defendant Administratrix?

"ANSWER: No.

"4. If so, in what amount?

"ANSWER: .........................."

Upon the entry of judgment on the verdict, the defendant appeals, assigning error.

*Vaughan S. Winborne for plaintiff appellee.*

*Sterling G. Gilliam, and Banzet & Banzet, by Frank Banzet for defendant appellant.*

PARKER, J.

Defendant appellant contends that the trial court committed error in admitting testimony of the plaintiff concerning transactions and communications between the plaintiff and defendant's intestate in violation of G.S. 8-51 which reads in part as follows:

"Upon the trial of an action, or the hearing upon the merits

of a special proceeding, a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, or in behalf of the party succeeding to his title or interest, against the executor, administrator or survivor of a deceased person, or the committee of a lunatic, or a person deriving his title or interest from, through or under a deceased person or lunatic, by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person or lunatic; except where the executor, administrator, survivor, committee or person so deriving title or interest is examined in his own behalf, or the testimony of the lunatic or deceased person is given in evidence concerning the same transaction or communication. . . ."

In *Peek v. Shook,* 233 N.C. 259, 63 S.E. 2d 542, the following rule relating to G.S. 8-51 is stated:

"This statute does not render the testimony of a witness incompetent in any case unless these four questions require an affirmative answer:

"1.  Is the witness (a) a party to the action, or (b) a person interested in the event of the action, or (c) a person from, through or under whom such a party or interested person derives his interest or title?

"2.  Is the witness testifying (a) in his own behalf or interest, or (b) in behalf of the party succeeding to his title or interest?

"3.  Is the witness testifying against (a) the personal representative of a deceased person, or (b) the committee of a lunatic, or (c) a person deriving his title or interest from, through or under a deceased person or lunatic?

"4.  Does the testimony of the witness concern a personal transaction or communication between the witness and the deceased person or lunatic?

"Even in instances where these four things concur, the testimony of the witness is nevertheless admissible under an exception specified in the statute itself if the personal representative of the deceased person, or the committee of the lunatic, or the person deriving his title or interest from, through, or under the deceased person or lunatic, is examined in his own behalf, or

the testimony of the deceased person or lunatic is given in evidence concerning the same transaction or communication.

"Somewhat similar analyses of the statute appear in the following authorities: *Bunn v. Todd,* 107 N.C. 266, 11 S.E. 1043; Stansbury on the North Carolina Law of Evidence, section 66.

"A personal transaction or communication within the purview of the statute is anything done or said between the witness and the deceased person or lunatic tending to establish the claim being asserted against the personal representative of the deceased person, or the committee of the lunatic, or the person deriving his title or interest from, through or under the deceased person or lunatic. *Davis v. Pearson,* 220 N.C. 163, 16 S.E. 2d 655, *Boyd v. Williams,* 207 N.C. 30, 175 S.E. 832."

In the case under consideration, it is undisputed that the plaintiff was a witness testifying in her own behalf as well as a party to the action and interested in the event. It is also undisputed that the defendant was the personal representative of the deceased, Willie Lou Cannady. It is in evidence that the plaintiff was one of nine living children of the deceased at the time of her death on 1 October 1964.

[1] Plaintiff was permitted to testify over objection that on 19 March 1963 plaintiff and her mother went to an attorney's office and to the Citizens Bank. The attorney later testified over objection and exception that "the gist of the conversation" he had with the plaintiff and her mother on this occasion was concerning a deed of trust to be executed by the deceased for $15,000.00. However, the instrument was never executed. An official of the Citizens Bank & Trust Company in Henderson testified that on the date of 19 March 1963 Willie Lou Cannady opened an account with the bank in the amount of $15,000.00. When the actions and conduct on 19 March 1963 of the plaintiff and deceased, as testified to by plaintiff, are thus viewed together with other evidence relating to the $15,000.00 deposit and evidence as to where the money came from, it is obvious that the testimony of the plaintiff with respect to the trip to the bank and to the lawyer's office on that date concerned a personal transaction between plaintiff and deceased tending to establish the claim herein being asserted against the personal representative of the deceased. Such is prohibited by G.S. 8-51, and its admission over objection was prejudicial error.

[2] The following question was asked plaintiff and answer given after defendant's objection to the question was overruled:

"Q  On April 27, 1964, did you withdraw any deposit from that account?

"A  Yes, I withdrew $4,500.00 and sent my mother a Treasurer's check in the sum of $4,500.00, with this letter attached."

In this case what the plaintiff did with respect to withdrawing money from her bank account was competent. That is all that the foregoing question referred to. The trial court correctly overruled the objection to the *question*.

"The statute does not preclude an interested party from testifying as to his own acts or the acts and conduct of the decedent when the witness is testifying as to facts based upon independent knowledge not derived from any personal transaction or communication with the deceased." 3 Strong, N. C. Index 2d, Evidence, Section 11, p. 610.

**[3, 4]**  The answer of the witness was in part responsive to the question and in part was not responsive. That part of the answer relating to sending her mother a treasurer's check for $4,500.00 was not responsive. However, defendant did not move to strike the answer or any part thereof. "The rule is that where a question asked a witness is competent, exception to his answer, when incompetent in part, should be taken by motion to strike out the part that is objectionable." *Gibson v. Whitton*, 239 N.C. 11, 79 S.E. 2d 196; Stansbury, N. C. Evidence 2d, Section 27. See also, *State v. Battle*, 267 N.C. 513, 148 S.E. 2d 599. The question as to whether the unresponsive part of the answer was incompetent under G.S. 8-51 in the absence of a motion to strike is not presented on this record by the objection and exception to the *question*.

**[5]**  Plaintiff, as a witness for herself, was also asked, "What comprised the $15,000.00?" She replied: "I brought approximately $9,000 and some money down here with me, had the $6,045 cash from Oxford Bank, and my mother paid me $2,500." Defendant's motion to strike was overruled, and the defendant excepted. For the plaintiff to testify over objection that the deceased paid her $2,500.00 under the circumstances and evidence in this case is testimony concerning a personal transaction between them which tended to establish the alleged claim of plaintiff. However, this error was cured when the plaintiff was thereafter permitted to testify, without objection, concerning "the $2,500.00 that my mother was paying me." The rule is that when incompetent evidence is admitted over objection, the admission of such evidence is cured where the same evidence, or

evidence of substantially the same import, is thereafter admitted without objection. 1 Strong, N. C. Index 2d, Appeal and Error, Section 48, pp. 196, 197; *State v. Brown,* 1 N.C. App. 145, 160 S.E. 2d 508.

[6]    Defendant also asserts that the trial court committed error in allowing, over objection, Sterling G. Gilliam, an attorney at law, to testify. The evidence tended to show that in preparing a deed of trust for the plaintiff and defendant's intestate on 19 March 1963, he was acting as attorney for both of them and that the communications between the lawyer and the plaintiff and deceased were not regarded as confidential. In the case of *Dobias v. White,* 240 N.C. 680, 83 S.E. 2d 785, the Supreme Court said:

> "It is an established rule of the common law that confidential communications made to an attorney in his professional capacity by his client are privileged, and the attorney cannot be compelled to testify to them unless his client consents. *Guy v. Bank,* 206 N.C. 322, 173 S.E. 600; *McNeill v. Thomas,* 203 N.C. 219, 165 S.E. 712; *Hughes v. Boone,* 102 N.C. 137 (159); *Jones v. Marble Co.,* 137 N.C. 237; 58 A.J. 214.

> "But the mere fact the evidence relates to communications between attorney and client alone does not require its exclusion. Only confidential communications are protected. If it appears by extraneous evidence or from the nature of a transaction or communication that they were not regarded as confidential, 58 A.J. 274, or that they were made for the purpose of being conveyed by the attorney to others, they are stripped of the idea of a confidential disclosure and are not privileged. *Michael v. Foil,* 100 N.C. 178; *Allen v. Shiffman,* 172 N.C. 578, 90 S.E. 577; *Hughes v. Boone, supra; Rosseau v. Bleau,* 30 N.E. 52; 58 A.J. 274; ibid., 215.

> "Therefore, as a general rule, where two or more persons employ the same attorney to act for them in some business transaction, their communications to him are not ordinarily privileged *inter sese. Carey v. Carey,* 108 N.C. 267; *Michael v. Foil, supra; Allen v. Shiffman, supra; Blaylock v. Satterfield,* 219 N.C. 771, 14 S.E. 2d 817; 58 A.J. 277; Anno. 141 A.L.R. 562."

Applying the foregoing rule to the facts in this case, it was not error to require Mr. Gilliam to testify.

Defendant assigns as error the admission into evidence, over objection, of a paper writing, plaintiff's exhibit #15, purporting to be a "family agreement." This instrument was not signed by Annie

Laurie Green as administratrix; however, it was signed by Annie Laurie Green as an individual. It appears to have been signed by all of the children and heirs at law of Willie Lou Cannady except the plaintiff, Louise Cannady Brown. Included among the signers was Jacqueline M. Cannady, a minor 19 years of age, and her guardian, Joseph H. Green. This instrument was not sworn to by anyone. It was, however, acknowledged by the parties before a notary public.

The instrument states in substance that those signing it know that the sum of $13,500.00 was placed at the disposal of the deceased Willie Lou Cannady by Louise Cannady Brown as a loan and not as a gift, and that in their opinion "the sum of $13,500.00 rightfully belongs to the said Louise Cannady Brown." Also attached to the instrument are statements in writing signed by seven of those signing it that they "rescind" their consent or "renounce" the signature or would like to "withdraw our names" from the instrument.

[7] There is no evidence that the instrument was ever delivered to anyone. There is also no evidence that it was ever approved by the clerk of the Superior Court and the Resident Judge of the Superior Court. It is, therefore, not a proper renunciation of an interest in an estate as provided in G.S. 29-10.

Defendant contends that Exhibit #15 is an invalid contract because the plaintiff Louise Cannady Brown did not sign it and because it was never delivered. Defendant does not cite any authority or argument asserting the incompetence of this evidence other than authority tending to show that the instrument did not constitute a valid agreement. Plaintiff contends that the exception to this instrument was not properly made. Plaintiff further contends that the exhibit is not a contract, nor an offer to compromise, but is an admission against interest.

[8] We are of the opinion and so hold that the exception to the exhibit was properly taken and that the instrument is neither a contract nor an offer to compromise. In Stansbury, N. C. Evidence 2d, Section 167, it is stated, "Anything that *a party to the action* has said, if relevant to the issues and not subject to some specific exclusionary rule, is admissible against him as an admission." (Emphasis added.) Those who originally signed this exhibit are not parties in this case. The administratrix of the estate of Willie Lou Cannady is the defendant. Although Annie Laurie Green signed it as an individual, she did not sign it in her capacity as administratrix; therefore, it was not an admission or a declaration against interest by the administratrix of the estate of Willie Lou Cannady.

**[9]**    Two of the signers of this exhibit #15 testified for the plaintiff. The testimony of these two, Elizabeth Cannady Bowman and Jacqueline M. Cannady, was of such a nature and content that parts of this exhibit #15 were competent for the limited purpose of corroborating each one of them. Stansbury, N. C. Evidence 2d, Sections 50-52. Also, we are of the opinion that the parts of this instrument relating to those who signed but did not testify is incompetent and upon proper objection should be stricken. However, an objection is waived if not made at the proper time. *Lambros v. Zrakas,* 234 N.C. 287, 66 S.E. 2d 895; *State v. Williams,* 1 N.C. App. 127, 160 S.E. 2d 121; *Eaton v. Klopman Mills, Inc.,* 2 N.C. App. 363, 163 S.E. 2d 17. In this case the objection, which was overruled, was a general one made to the introduction of the entire exhibit. In McCormick on Evidence, Hornbook Series, Section 52, it is stated:

> "If the offer consists of several statements or items tendered as a unit, e.g., a deposition, a letter, a conversation, a transcript of testimony or the like, and it is objected to as a whole, and parts are subject to the objection made and parts are not, the judge will not be put in error for overruling the objection."

In Stansbury, N. C. Evidence 2d, Section 27, the rule is stated:

> "Where evidence competent for some purposes, but not for all, is admitted generally, counsel must ask, at the time of admission, that its purpose shall be restricted.

> "The opponent must specify his ground of objection and the part of the offer to which it is applicable. As in other cases, if objection is made to the question and properly overruled and the answer contains improper matter, there should be a motion to strike out."

In *Nance v. Telegraph,* 177 N.C. 313, 98 S.E. 838, the Court said:

> "Defendant objected to this testimony, but it will be observed that at least some of it was clearly admissible, and the objection must fail, for where a part of testimony is competent, although the other part of it may not be, and exception is taken to all of it, it will not be sustained. Defendant should have separated the 'good from the bad,' and objected only to the latter, as the objection must be valid as to the whole of the testimony. We will not set off the bad for him and consider only that much of it, upon the supposition that his objection was aimed solely at the incompetent part. He must do that for himself. This is the firmly established rule."

In the case before us the defendant objected and excepted to the introduction of plaintiff's exhibit #15, part of which was admissible. In our opinion, upon proper objection and request, the defendant was entitled to have the contents of exhibit #15 limited and restricted. However, there was no such request made and in the absence thereof, the admission was not error. *State v. Corl,* 250 N.C. 252, 108 S.E. 2d 608; *Doub v. Hauser,* 256 N.C. 331, 123 S.E. 2d 821.

**[10]**     Defendant also asserts that the trial court committed error in allowing plaintiff's motion for judgment as of nonsuit as to defendant's counterclaim at the close of the evidence and then submitting issues to the jury with respect to the counterclaim. Since this case goes back for a new trial, we do not deem it necessary to discuss all of the contentions of the parties with respect to this assignment of error. We are bound by the record, and the record reveals that the motion for nonsuit as to defendant's counterclaim was allowed. The record also shows that the court submitted issues to the jury with respect to the cause of action asserted in the counterclaim. While this is confusing and appears to be error, we do not decide the question as to whether this error was prejudicial to the defendant appellant.

There are other exceptions of the defendant, some of which may have merit, but since they probably will not occur on a new trial we do not deem it necessary to discuss them.

New trial.

MALLARD, C.J., and BROCK, J., concur.