EARL H. HUDSON v. DIXIE G. HUDSON

No. 7428DC166

(Filed 1 May 1974)

1. **Appeal and Error § 48— testimony as to what witness believed — no prejudice**

Admission of defendant's daughter's testimony that she believed plaintiff assaulted defendant in 1955, if erroneous, was rendered harmless by the overwhelming evidence of assaults by plaintiff on the person of defendant.

2. **Appeal and Error § 30— failure to make motion to strike**

Plaintiff's exception to the admission of testimony by defendant as to what her daughter had told her concerning acts of incest committed by plaintiff is deemed abandoned, since plaintiff made. no motion to strike.

3. **Divorce and Alimony §18— wife as dependent spouse — sufficiency of evidence**

Evidence that defendant had not been regularly employed for 18 or 19 years prior to the separation of the parties, that she was completely supported by her husband, and that her time was devoted to housework and rearing her children was sufficient to establish that defendant was a dependent spouse within the purview of G.S. 50-16.1(3).

4. **Divorce and Alimony § 8— abandonment — sufficiency of evidence**

The trial court in an action for absolute divorce properly submitted the issue of abandonment to the jury, though defendant left the home, where there was substantial evidence of acts of cruelty inflicted upon defendant by the plaintiff.

5. **Appeal and Error § 31— assignments of error to charge — specificity required**

Plaintiff's assignments of error to the court's charge to the jury which do not specify the objectionable portion of the charge or state what the court should have charged are deemed abandoned.

6. **Trial § 38; Divorce and Alimony § 4— condonation — failure to request instruction**

Trial court in an action for absolute divorce was not required to instruct the jury on condonation, since that issue was not raised in the pleadings and plaintiff did not request a special instruction.

APPEAL from *Allen, District Judge,* 21 May 1973 Session of BUNCOMBE County District Court. Argued in the Court of Appeals 19 March 1974.

This action for absolute divorce based on one year's separation was instituted by plaintiff on 20 April 1971. Defendant, alleging abandonment, incest, and adultery on many occasions,

counterclaimed for alimony, custody, child support and attorney's fees.

The action was tried before a jury at the 21 May 1971 Session of Buncombe County District Court. The evidence presented was to the effect that the parties were married in 1948 and lived together until April 1970. Two children were born of the marriage, only one of whom was a minor at the time of the complaint. Plaintiff admitted that he had been indicted for, but not convicted of, incest with his daughter.

Plaintiff's daughter testified that plaintiff forced her to have intercourse with him on four or five occasions in 1969-1970, and that in November 1970 she became pregnant by him. She testified further that she had seen plaintiff assault defendant on many occasions. Defendant offered testimony which tended to corroborate her daughter's testimony of the incest. Defendant also testified that plaintiff had beaten her many times, was constantly in the company of other women, and that after plaintiff announced his intention to leave her, defendant left the house and took her belongings.

Plaintiff's motion to dismiss the counterclaim was denied, and all issues, including one as to dependency, were answered in favor of defendant.

The court thereupon found that the defendant was the dependent spouse, and that she was unable to pay her attorney's fees. Defendant was awarded permanent alimony and support and possession of the home.

Plaintiff's motion to set aside the verdict was denied, and from the entry and signing of judgment, plaintiff appealed.

*Bruce A. Elmore, by George W. Moore, for plaintiff appellant.*

*Wade Hall for defendant appellee.*

MORRIS, Judge.

[1, 2] Plaintiff's first assignment of error is to the admission of certain evidence offered by defendant. Defendant's daughter testified that she *believed* an assault occurred in 1955. The error, if any there be, is rendered harmless by the overwhelming evidence of assaults by plaintiff on the person of defendant. As we have stated many times, it does not suffice that appellant

show mere technical error, he must show that absent the error, a different result would likely have ensued. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972). Appellant excepts as well to the admission of defendant's testimony concerning what her daughter had told her concerning the acts of incest committed by plaintiff. Even if this evidence could not be sustained as corroborating the previous statement of defendant's daughter, the exception is deemed abandoned, for plaintiff made no motion to strike. *Brown v. Green,* 3 N.C. App. 506, 165 S.E. 2d 534 (1969).

[3] The trial court properly denied the motions to dismiss the defendant's claims and to set aside the verdict. There is no merit to plaintiff's contention that defendant has failed to establish that she was a dependent spouse. The uncontradicted evidence shows that defendant had not been regularly employed for 18 or 19 years prior to the separation, that she was completely supported by her husband and that her time was devoted to housework and rearing her children. It is clear from this evidence that plaintiff is a dependent spouse within the purview of G.S. 50-16.1(3).

[4] Plaintiff contends that the trial court erred in submitting the issue of abandonment to the jury inasmuch as defendant left the home during plaintiff's absence. This contention is untenable.

> "It is unnecessary for a husband to depart from his home and leave his wife in order to abandon her. By cruel treatment or failure to provide for her support, he may compel her to leave him. This, under our decisions, would constitute abandonment by the husband." *Blanchard v. Blanchard,* 226 N.C. 152, 154, 36 S.E. 2d 919 (1946).

The record before us is replete with evidence of acts of cruelty inflicted upon the defendant by the plaintiff. The trial court properly submitted the issue of abandonment to the jury.

[5] Plaintiff excepts to the court's instruction on the provocation that would be required to justify the alleged acts of cruelty perpetrated on defendant. Inasmuch as plaintiff fails to specify the objectionable portion of the charge or state what the court should have charged, this assignment of error is deemed abandoned. *Investment Properties v. Allen,* 281 N.C. 174, 188 S.E. 2d 441 (1972); *Motors, Inc. v. Allen,* 20 N.C. App. 445, 201

S.E. 2d 513 (1974). For the same reasons, the assignment of error to the portion of the charge regarding the jury's answers to the issues submitted must fail.

**[6]** Plaintiff further assigns error to the court's failure to instruct the jury on condonation. Condonation is an affirmative defense, and as such, it must be alleged. *Cushing v. Cushing,* 263 N.C. 181, 139 S.E. 2d 217 (1964). The issue of condonation was not raised in the pleadings, and plaintiff did not request a special instruction as required by G.S. 1A-1, Rule 51(b). Where the court has charged adequately on the material aspects of the case arising on the evidence and has fairly applied the law to the factual situation, the charge will not be held error for failure of the court to instruct on subordinate features absent a request. *Koutsis v. Waddel,* 10 N.C. App. 731, 179 S.E. 2d 797 (1971).

Plaintiff's final assignment of error is to the remarks of the defendant's attorney in the presence of the jury regarding additional instructions. Since plaintiff made neither an objection nor an exception to these statements at the time they were made, the assignment of error is ineffectual. *State v. Peele,* 274 N.C. 106, 161 S.E. 2d 568 (1968).

No error.

Judges CAMPBELL and VAUGHN concur.