PEGGY ANDREWS MAYS v. HERMAN NICHOLAS BUTCHER, INDIVIDUALLY AND EASTERN COMPANY

No. 7625SC803

(Filed 20 April 1977)

Appeal and Error § 30.3— necessity for motion to strike

Although a question objected to may have been incompetent, appellant is in no position to complain about testimony elicited by the

question where appellant failed to make a motion to strike the answer and answers to subsequent questions in the same vein.

APPEAL by plaintiff from *Kirby, Judge.* Judgment entered 26 May 1976 in Superior Court, CALDWELL County. Heard in the Court of Appeals 10 March 1977.

Plaintiff filed this action for damages for injuries arising out of a collision between her automobile and a truck owned by the corporate defendant and being driven by the individual defendant. In their answer, defendants denied negligence, alleged that plaintiff was guilty of contributory negligence, and counterclaimed for their own property damages.

At trial, plaintiff testified that on the afternoon of 9 December 1974 she was driving home from work on the Mount Herman Road. As she approached a hill she was traveling 35 miles per hour and noticed defendant's tractor trailer on her side of the road. She was unable to pass the truck on either the right or the left and immediately applied her brakes, but she was unable to stop and collided head-on with the truck. When she hit the truck, " . . . my vehicle was completely on my side of the road and the front wheels were off on the dirt."

Policeman L. J. Coffey testified on plaintiff's behalf and stated that at approximately 3:45 on 9 December 1974 he received a radio message regarding plaintiff's accident. When he investigated, he found the tractor of the truck sitting completely in plaintiff's lane and the trailer partially blocking the other lane. There were skid marks measuring 68 feet leading to the rear of plaintiff's car. On cross-examination, Officer Coffey testified, over objection, that he could not determine the exact speed of plaintiff's car prior to the collision. Based upon the length of the skid marks and stopping distance, however, Coffey "estimated" plaintiff's speed at 45 miles per hour.

Defendant testified that he was driving the truck which collided with plaintiff's automobile on 9 December 1974. Just prior to the accident, he was attempting to make a right turn and " . . . had to pull over into the left lane to make the turn. I had pulled partly over there and as I started to turn this Gremlin [plaintiff's automobile] was coming up the road and she just ran into me." He first saw plaintiff's car approaching from a distance of 200-300 feet, and, in his opinion, it was traveling at a speed of 60 or 65 miles per hour. Defendant also

produced a witness who testified that he saw plaintiff's vehicle traveling down Mount Herman Road immediately prior to the collision and that, in his opinion, she was going between 50 and 55 miles per hour.

The case was submitted to the jury on the issues of defendant's negligence and plaintiff's contributory negligence. The jury found both negligence and contributory negligence, and judgment was entered denying relief.

*Ted S. Douglas for plaintiff appellant.*

*Smathers and Farthing, by Edward G. Farthing, for defendant appellees.*

MORRIS, Judge.

Although plaintiff made three assignments of error, she presents only one argument in her brief. She contends that the trial judge erred in permitting Officer Coffey, who never observed plaintiff's car in motion, to testify as to the car's speed prior to the collision.

The record discloses the following:

"Q. Officer Coffey, in your investigation, were you able to detremine an approximate speed of the vehicle, I mean of the Mays vehicle, prior to the point of impact?

MR. DOUGLAS: OBJECTION to that your Honor. I don't know how he could determine the speed if he was not there.

MR. FARTHING: Your Honor, I need to ask him if he was able to determine it and then I will ask him how?

COURT: OVERRULED.

EXCEPTION No. 1.

Q. Were you able to determine the speed?

A. From the information given out by the State of North Carolina on stopping distances, I estimated the speed at 45 miles an hour.

Q. And did you in estimating that speed in part base your estimate on the skid marks that you found left by the Mays' car?

A. The skid marks and the stopping distance.

Q. Now of course you were not able to determine the exact speed that the Mays' vehicle was going when it hit the tractor?

A. No way to know that.

Q. But you estimated the speed at least at 45 miles an hour?

A. Yes sir."

Conceding that the question may have been incompetent, the court overruled the objection, and the witness proceeded to answer. The plaintiff made no motion to strike this answer, nor any answer to subsequent questions in the same vein. Plaintiff is not now in a position to complain about error in allowing the testimony to come in. *Highway Commission v. Black,* 239 N.C. 198, 79 S.E. 2d 778 (1954); *Carpenter, Solicitor v. Boyles,* 213 N.C. 432, 196 S.E. 850 (1938); *Hudson v. Hudson,* 21 N.C. App. 412, 204 S.E. 2d 697 (1974); *Collyer v. Bell,* 12 N.C. App. 653, 184 S.E. 2d 414 (1971).

Plaintiff's assignments of error are overruled.

No error.

Judges VAUGHN and MARTIN concur.