STATE OF NORTH CAROLINA v. ROLAND DENNIS ROBINSON

No. 774SC846

(Filed 21 March 1978)

1. **Criminal Law §§ 73.1, 169.3— opening door to hearsay testimony**

    In this prosecution for felonious assault, defendant opened the door to hearsay testimony by two witnesses that the victim stated in their presence that defendant caused her injuries by beating her when he extensively questioned other witnesses as to whether the victim had stated that her injuries had been caused by defendant.

2. **Criminal Law § 162— waiver of objection to evidence**

    Where defendant objected to hearsay testimony that an assault victim had stated that defendant had beaten her but withdrew such objection prior to the court's ruling, and defendant waited until additional questions had been answered by the witness concerning the victim's accusation of defendant before objecting and moving to strike the witness's testimony, defendant's failure to object in apt time constituted a waiver of objection.

3. **Assault and Battery § 13; Criminal Law § 64— assault victim's propensity for drinking intoxicants —irrelevancy**

    The trial court in a felonious assault prosecution properly excluded as irrelevant testimony concerning the victim's alleged propensity for drinking alcoholic beverages and her prior convictions for driving under the influence of intoxicants where there was specific evidence in the record that the victim had not been drinking at the time she was found in a battered condition and taken to the hospital.

APPEAL by defendant from *Peel, Judge.* Judgment entered 1 August 1977 in Superior Court, SAMPSON County. Heard in the Court of Appeals 2 February 1978.

The defendant was indicted for the felony of assault with a deadly weapon with intent to kill inflicting serious injury and entered a plea of not guilty. The jury returned a verdict of guilty of the lesser included felony of assault with a deadly weapon inflicting serious injury. From judgment sentencing him to not less than eight years nor more than ten years' imprisonment, defendant appealed.

The State's evidence tended to show that, at approximately 3:00 p.m. on 22 January 1977, several relatives went to visit Ann Bryant at her home near Clinton, North Carolina. Her car was parked near the home, and one of the visitors heard, coming from within the house, the sounds of a television. Movements were

heard within the house, but no one responeded to knocks on the door. At approximately 4:15 p.m. that day, Clara Holland called the Bryant home. The telephone was answered by the defendant, Roland Dennis Robinson, who told Mrs. Holland that Ann Bryant was asleep and that he would have her return the call. Mrs. Holland never received a return telephone call.

The State's evidence also tended to show that on the following day, at approximately 2:00 p.m., Mrs. Holland and Rena Britt went to the Bryant home. When Mrs. Holland opened the door, she observed Mrs. Bryant lying on the couch and the defendant lying on the floor. Mrs. Bryant had on only a housecoat which was not buttoned, and a thin blanket partially covered her. Mrs. Bryant had multiple bruises covering her entire body, and her eyes were swollen nearly closed. Mrs. Holland asked Mrs. Bryant how she had been hurt, but Mrs. Bryant did not answer.

The State's evidence tended to show that the defendant stated Mrs. Bryant had fallen in the bathroom and other places in the home the day before. Mrs. Holland and Rena Britt then left and returned with Mrs. Holland's husband and several of Mrs. Bryant's relatives. Carl Britt, one of the relatives, ordered the defendant out of the home while Mrs. Holland called the rescue squad.

The defendant continued to insist that Mrs. Bryant had received her injuries due to a fall or multiple falls. Donald Lewis, one of the rescue squad members who had brought Mrs. Bryant back to consciousness, asked her who had hurt her. She replied that the defendant had beaten her. She repeated this accusation when questioned by Lewis later at the hospital.

The State offered expert medical evidence, through the testimony of Dr. Frank Leak, tending to show that Mrs. Bryant had a basilar skull fracture which could not have been caused by a fall or falls, but was more likely caused by a blow from a blunt instrument. Mrs. Bryant developed bacterial meningitis while in the hospital and is now confined to a rest home. She cannot recognize anyone and is unable to respond to any questions. The prognosis for her recovery from this comatose state is poor.

The defendant offered no evidence.

*Attorney General Edmisten, by Assistant Attorney General Joan H. Byers, for the State.*

*David J. Turlington, Jr., for defendant appellant.*

MITCHELL, Judge.

[1] The defendant first assigns as error the admission into evidence of the testimony of two witnesses, Patricia Britt and Donald Lewis. They each testified that Ann Bryant stated in their presence that the defendant caused her injuries by beating her. We find no merit in this assignment.

In responding to the defendant's arguments in support of this assignment of error, the State contends *inter alia* that the statements of Ann Bryant to the witnesses should be treated as dying declarations and, therefore, as exceptionally admissible hearsay. We note that there is evidence in the record which would have supported a finding that the declarant, Ann Bryant, at the time the statements were made was in actual danger of death and had full apprehension of this danger. She suffered extensive and apparently irreversible brain damage which will, in all probability, leave her forever in a comatose state. However, cessation of all involuntary bodily functions, which is required in most jurisdictions for finding of "death," had not taken place.

The State contends that all of the considerations of public policy supporting the exception to the hearsay rule for dying declarations are present in this case, and that we should so rule. However, we are not required here to decide the issues presented by this intriguing proposition.

In this case prior to the admission of the testimony complained of, the defendant had extensively questioned other witnesses as to their communications with Ann Bryant. The defendant had inquired specifically into what, if anything, Ann Bryant had stated to these witnesses since her injuries. The defendant specifically inquired as to whether she stated the injuries had been caused by him. During the defendant's cross-examination of Mrs. Clara Holland, one of Mrs. Bryant's sisters, the following transpired:

"Mr. Turlington: Now, she had never told you and never written anything to you that Roland Dennis Robinson ever touched her or laid a hand on her, has she?

Mr. Henry: Objection.

The Court: Overruled.

A. No, sir.

The Court: Ma'am?

A. No, sir.

The Court: Overruled."

It is apparent, therefore, that the defendant was responsible for introducing the complained of subject in the first instance by his vigorous cross-examination of the State's witnesses. Having opened the door on the subject, the defendant is entitled to no consideration on this assignment of error. *Adams v. Godwin*, 254 N.C. 632, 119 S.E. 2d 484 (1961); *See also, State v. Williams*, 255 N.C. 82, 120 S.E. 2d 442 (1961).

[2] Thereafter, during the testimony of the State's witness, Patricia Britt, the subject of what Ann Bryant had said to rescue squad member Donald Lewis concerning the defendant's having beaten her arose. At that point the defendant objected. Prior to a ruling by the trial court, however, the defendant specifically withdrew the objection. The witness was then questioned extensively concerning accusations against the defendant made to the rescue squad driver by Ann Bryant in the witness' presence. The witness, Patricia Britt, was then cross-examined by the defendant. After cross-examination of the witness, the defendant asked that the jury be excused in order that he might make a motion in their absence. Out of the presence of the jury, the defendant objected to the testimony concerning Ann Bryant's statements and made a motion to strike.

Even if the testimony complained of had been inadmissible, the trial court was not required to exclude it, as the defendant's failure to object promptly constituted a waiver. *State v. Blackwell*, 276 N.C. 714, 174 S.E. 2d 534 (1970), *cert. denied sub nom. Blackwell v. North Carolina*, 400 U.S. 946, 27 L.Ed. 2d 252, 91 S.Ct. 253 (1970). Further, where, as here, the defendant did not immediately object but waited until additional questions had been asked and answered before objecting and moving to strike, the failure to object in apt time is regarded as a waiver. The admission of evidence complained of is not then assignable as error ab-

sent unusual circumstances not here presented. *State v. Letterlough*, 6 N.C. App. 36, 169 S.E. 2d 269 (1969); Stansbury, N.C. Evidence 2d, § 27.

The reasoning of *Letterlough* applies with even greater vigor here than in that case. The record reveals that this defendant, by objecting and immediately withdrawing the objection when the testimony complained of was elicited, made a conscious decision to allow the testimony to come into evidence. Only after hearing all of the testimony on both direct and cross-examination did the defendant determine that he should change his trial strategy and seek exclusion. The admission of this testimony was not error.

We additionally note that the defendant made several objections to similar testimony which, when overruled by the trial court, were not followed by motions to strike or requests for instructions to the jury to disregard the testimony. This, too, constituted a waiver making the admission of the testimony proper. *State v. Battle*, 267 N.C. 513, 148 S.E. 2d 599 (1966); *Highway Commission v. Black*,, 239 N.C. 198, 79 S.E. 2d 778 (1954); *Mays v. Butcher*, 33 N.C. App. 81, 234 S.E. 2d 204 (1977).

Later, the defendant did, on one occasion, timely object and move to strike Donald Lewis' testimony concerning Mrs. Bryant's accusation of the defendant. However, since the defendant permitted the admission of similar evidence both before and after this, the benefit of the objection and motion to strike was lost. *Dunes Club v. Ins. Co.*, 259 N.C. 293, 130 S.E. 2d 625 (1963). The assignment of error is overruled.

[3] The defendant next assigns as error the refusal of the trial court to allow into evidence testimony concerning Ann Bryant's alleged propensities for drinking intoxicating beverages and her prior conviction for driving under the influence of intoxicants. The trial court properly excluded this evidence as irrelevant in this case as there was specific evidence in the record that Mrs. Bryant had not been drinking at the time she was found in a battered condition and taken to a hospital. The evidence which the defendant sought to introduce would not have contradicted that evidence and was, at best, remote and conjectural and would have had no value other than as an invitation to prejudice. It was, therefore, irrelevant and properly excluded. *Pearce v. Barham*,

267 N.C. 707, 149 S.E. 2d 22 (1966); *Redding v. Braddy*, 258 N.C. 154, 128 S.E. 2d 147 (1962).

Even had the evidence of Mrs. Bryant's prior consumption of alcohol been admissible, its exclusion would not require a new trial. Courts do not lightly set aside verdicts or grant new trials. *State v. Mundy*, 182 N.C. 907, 110 S.E. 93 (1921). As the excluded evidence clearly would not, if admitted, have changed the result of the trial, no new trial will be granted. Stansbury, N.C. Evidence 2d, § 9.

The defendant made other assignments of error which, upon our reading of the record in its entirety, we find to be without merit. The defendant had a fair trial free from prejudicial error and we find

No error.

Judges MORRIS and CLARK concur.